THE POSTAL TELEGRAPH CABLE COMPANY *vs.* SAMUEL
SNOWDEN and GEORGE W. DOBBIN, Receivers, and
others.

*Art. 5, sec. 28, of the Code—Remanding cause without*
*Affirming or Reversing decree Appealed from—Party to*
*suit—Litigation of Title—Simple contract Creditor.*

Section 28 of Article 5 of the Code, in express terms, confers power
upon the Court of Appeals, when it appears that the purposes of
justice would be advanced by permitting further proceedings in the
cause, either through amendment of any of the pleadings, or the
introduction of further evidence, making additional parties or other-
wise, to remand the cause without either affirming or reversing the
decree appealed from, that such further proceedings may be had as
are necessary to determine the case on its merits, in the same way
as if no appeal had been taken in the case, and the decree appealed
from had not been passed.

Where a person in possession of property, or claiming title to it, is
engaged in a *bona fide* litigation concerning it, a simple contract
creditor can in no case become a party to the suit, or be heard to
make averments in opposition to the judgment rendered in it.

After a decree which finally adjudicated that the Postal Telegraph
Company of Baltimore City, had no real or substantial interest in
the telegraph lines, wires, poles, and other property, which were
the subject of controversy in the suit; and that all of it belonged to
the Postal·Telegraph and Cable Company of New York, a petition
was filed in the Circuit Court, by the Postal Telegraph Cable Com-
pany, a corporation organized in the State of New York, in Jan-
uary, 1886, alleging that on the 22nd day of May, 1885, the Balti-
more Company executed and delivered its promissory note for
$91,000, to the Postal Telegraph and Cable Company, and that this
note was given for the indebtedness incurred by it in the construc-
tion of the telegraph lines in question, and was received by the
Postal Telegraph and Cable Company in payment therefor; and that
when the assets of the Postal Telegraph and Cable Company were
placed in the hands of receivers, this note went into their possession,
together with its other property, all which, including the note, was

Postal Telegraph Cable Co. *vs.* Snowden, *et al.*

sold and by valid and regular assignments, was conveyed to the petitioner; and that the title to the telegraph property is vested in the Baltimore Company. The petitioner prayed to be admitted a party to the cause for the purpose of defending its rights in the premises. HELD:

That the petition could not be entertained.

APPEAL from the Circuit Court of Baltimore City.

The appeal in this case was taken from the order of the Court below, dismissing, with costs, the petition of the Postal Telegraph Cable Company, praying to be admitted a party to the cause for the purpose of defending its rights in the premises. The case is stated in the opinion of this Court.

The cause was argued before ALVEY, C. J., YELLOTT, STONE, MILLER, and BRYAN, J.

*T. Wallis Blakistone,* and *John H. Thomas,* for the appellant.

The appellant was not a party to the proceedings in which the adjudication had been made, as to the ownership of said property, and could not be bound by them. It had had no opportunity to control them, make defence or adduce witnesses. *Farmers Bank vs. Thomas,* 37 *Md.,* 246; *Cockey vs. Milne,* 16 *Md.,* 200–7; *Cecil vs. Cecil,* 19 *Md.,* 80, 81; *Brooklyn vs. Ins. Co.,* 99 *U. S.,* 362; *Empire vs. Darlington,* 101 *U. S.,* 92; *Wells' Res Adjudicata, secs.* 18 and 582; 1 *Greenlf. on Ev., secs.* 189, 522, 523 *and* 535.

It was a large creditor of the Postal Telegraph Company of Baltimore City, and was directly interested in the question of the ownership of the property sought to be appropriated to the payment of the creditors of another and distinct corporation, organized at a different time, and having a different name, and in the eye of the law a different party altogether.

The property of a corporation is a *trust fund,* in equity, for the payment of its debts. Morawetz, in his work on

corporations, says: "Every contract entered into by a corporation, includes an implied agreement that the company's capital shall be held and used as a trust fund, equitably pledged as security for the corporate debts." Sec. 786.

"This trust may be enforced in equity against the property, until it has reached the hands of a *bona fide* purchaser for value." *Morawetz on Corporations, sec.* 789.

The appellant was not a party to the motion for a reargument, made in this Court, nor was that the proper occasion for it to intervene, and the overruling of that motion—no matter upon what grounds the same was made —is in no way inconsistent with its right to intervene in the Court below, and protect itself.

The property in controversy was personal property. *North. Cent. R. Road Co. vs. Canton Co.,* 30 *Md.,* 357.

The *situs* of it was the residence of the owner. If, as contended by appellee, it belonged to the New York Co., it was in the hands of the New York receivers, under the jurisdiction of the New York Courts, not of the Courts of this State. *State Tax on Foreign Bonds,* 15 *Wall.,* 320–3, 4, 5; *Kirtland vs. Hotchkiss,* 100 *U. S.,* 499; *De Vignier vs. City of New Orleans,* 16 *Fed. R.,* 11.

The assignee of negotiable paper acquires the title of his assignor. If the latter held a clear title, free of equities, the assignees acquired the same title, although they may have had knowledge of facts, which might otherwise have created equities. *Marion County vs. Clark,* 94 *U. S.,* 78; *Cromwell vs. County of Sac,* 96 *U. S.,* 59.

The New York Company acquired the note of the Baltimore Company before the institution of proceedings in the Circuit Court of Baltimore City. Its title was, therefore, not affected by these proceedings. The title of all the assignees, including that of the petitioner, is equally unaffected by them.

*Samuel Snowden,* and *Francis P. Stevens,* for the appellees.

BRYAN, J., delivered the opinion of the Court.

On the former appeal in this case, it was decided that the Postal Telegraph Company of Baltimore City had no real or substantial interest in the telegraph lines, wires, poles and other property, which were the subject of controversy in the suit. And that all of it belonged to the Postal Telegraph and Cable Company, and should be devoted to the payment of its debts, and to that end, it should be sold by the receivers in the cause. The decree of the Court below was reversed, and the cause remanded, with directions that a decree should be passed in accordance with the opinion of this Court. 66 *Md.*, 354. If it had appeared to the Court that the purposes of justice would have been advanced by permitting further proceedings in the cause, either through amendment of any of the pleadings, or the introduction of further evidence, making additional parties, or otherwise, it would have had the power to remand the cause, without either affirming or reversing the decree below; and thereupon such further proceedings ought to have been had as might have been necessary to determine the case on its merits, in the same way as if no appeal had been taken in the case, and the decree appealed from had not been passed. This power is conferred on the Appellate Court in express terms by the twenty-eighth section of the fifth Article of the Code. But this Court thought that a final decree ought to be passed on the record as it stood. There was some argument on the effect of a motion for a re-hearing which was overruled. The overruling of the motion shows that the Court determined to adhere to its decree for the reasons stated in the opinion filed, and does not legitimately authorize any other inference whatsoever. The petition for rehearing set forth certain evidence which the petitioners desired to bring to the attention of the Court. It is much to be regretted that all the evidence in support of their case was not offered in the Court below previous to the hearing; but this Court could

see no sufficient reason for opening the case to enable them to supply the omission.

After the decree which finally adjudicated the rights of the parties in the cause regarding this telegraph property, a petition was filed in the Circuit Court by the Postal Telegraph Cable Company, a corporation organized in the State of New York in January, eighteen hundred and eighty-six. This petition states that on the twenty-second day of May, eighteen hundred and eighty-five, the Baltimore Company executed and delivered its promissory note for ninety-one thousand dollars, payable to the Postal Telegraph and Cable Company, and that this note was given for the indebtedness incurred by it in the construction of the telegraph lines in question, and was received by the Postal Telegraph and Cable Company in payment therefor. The petition further states that when the assets of the New York Company were placed in the hands of receivers, this note went into their possession together with its other property, and that by due proceedings the said property was sold, and that by valid and regular assignments, the whole of it (including this note) was conveyed to the petitioner. It will be seen that the petitioner's name differs very slightly from the name of the corporation which had been turned over to receivers. The petition charges that the title to the telegraph property is vested in the Baltimore Company, and the petitioner prays to be admitted a party to the cause for the purpose of defending its rights in the premises. The object of the petition is to maintain the title of the Baltimore Company to the telegraph property, so that the note for ninety-one thousand dollars may be paid out of its proceeds, so far as they are sufficient.

The decree of this Court must be considered as putting an end to all further litigation of the questions decided, so far as they affected the parties to the cause. No right in opposition to the matter adjudicated can be asserted

by these parties, or by any one claiming through them, or under them, by virtue of any title, derivative or subordinate, or in any way founded upon their interests in the matter which was in controversy. The petitioner at the time of this adjudication was, according to the statements in the record, a simple contract creditor of the Baltimore Company. It had no title to its property, nor interest therein, nor lien or claim upon it. It had no right to interpose in any litigation concerning it, or to object to any *bona fide* alienation of it. In a remote and indefinite way every creditor may be considered as interested in the property of his debtor. If he reduces his debt to judgment, he may enforce the collection of it out of his debtor's property; and in the cases mentioned in the attachment laws he may, without a judgment, proceed against the property of a non-resident, absconding or fraudulent debtor. And also in case of a conveyance, contract or other act by a debtor which is fraudulent against his creditors, they may, under the Act of 1835, ch. 380, sec. 2, without obtaining judgment file a bill in equity for relief against the fraud. But where a person in possession of property, or claiming title to it, is engaged in a *bona fide* litigation concerning it, a simple contract creditor can in no case whatsoever become a party to the suit, or be heard to make averments in opposition to the judgment rendered in it. If liens, general or specific, exist or are alleged to exist against the property, the law provides methods by which they may be satisfied or contested. But the interest which a simple contract creditor has in the property of his debtor is very vague and indirect. In cases not affected by fraud or insolvency there is no reason why he should interpose in litigation concerning his debtor's property, and certainly the law gives him no power to do so; nor does it give in such case to the litigants opposing the debtor any power to contest the indebtedness. It would lead to the most serious confusion in

the administration of justice, if the law were otherwise. It is not supposed that a case has ever been known where after recovering property *bona fide* in a law suit, the successful party has been required to try the questions involved against a creditor of his opponent. A man must be entrusted with the duty of defending his own rights, and his creditors must abide the result, unless the suit is fraudulently conducted for the purpose of defeating them. In such case a fraudulent judgment would be dealt with in the same way as a fraudulent deed or contract. In equity all persons having a title to, or an interest in, the subject of the suit should be made parties, and the decree binds only these parties and those whom they represent. But here again we must ask what have creditors to do with the title to their debtor's property; and how are they concerned in it. If he is in good faith defending his rights, can his creditors say that he is not the proper person to do so, and that they ought to be allowed to do it for him. If so, the binding effect of a decree could never be ascertained until it was known whether the parties to the suit had any creditors. It is easy to see the uncertainty and confusion that such a doctrine would introduce into legal proceedings; but impossible to predict where it would end. In all the numberless cases where Courts are required to decide questions of right; in the construction of deeds and wills; in the enforcement of trusts; in the settlement of accounts; in the giving or withholding relief to complaints arising in the infinite variety of human affairs, remedial justice would be ineffective, because the controversies could be renewed at the will of any creditors. of the suitors. We do not find that such a practice is sanctioned by authority, nor is it sustained by the principles on which justice is administered.

We have preferred to rest our decision on the ground that the petition in the cause could not be entertained by the Court, as that possesses more general interest than

any question depending on the minor details of the case. We must affirm the order of the Circuit Court dismissing the petition.

> *Order affirmed with costs,*
> *and cause remanded.*

(Decided 16th December, 1887.)