makes no other disposition of the matter. Under the circumstances of this case, we think that the learned court should have given the plaintiff an opportunity to present proof, either before itself or by sending the case back to the referee to take proof and report further upon such subject. As the matter now stands, the plaintiff may doubtless take further proceeding in the case bearing upon the subject of the issues. Such was the intimation of the court in Goldner v. Goldner, supra, but in ordinary course it should be with respect to some direction made by the court at Special Term.

We conclude, therefore, that the order appealed from should be affirmed, with leave given to apply at Special Term for leave to take such further proof and proceedings in the action as the plaintiff shall be advised. No costs of this appeal allowed to either party.

VAN BRUNT, P. J., and O'BRIEN and McLAUGHLIN, JJ., concur.

INGRAHAM, J. I think that upon the evidence before the referee the plaintiff was entitled to judgment.

---

### BOUDEN v. LONG ACRE SQUARE BLDG. CO. et al.

(Supreme Court, Appellate Division, First Department. March 11, 1904.)

1. MORTGAGES—FORECLOSURE—INTERVENTION—WHO ENTITLED—CREDITORS.

In an action to foreclose a mortgage securing rent and part of the purchase price of the assignment of the lease, a creditor of defendant in possession of the premises is not entitled to intervene.

2. EVIDENCE—JUDICIAL NOTICE.

Judicial notice may be taken that in a few days an affidavit can be forwarded from New Orleans to New York.

3. INTERVENTION—AFFIDAVIT—SUFFICIENCY.

An affidavit which fails to disclose that the affiant has personal knowledge of the facts to which he swears, and fails to show any excuse for not obtaining the affidavit of one who has such knowledge, does not show any right in the affiant to intervene.

4. SAME—ASSIGNMENT—SUFFICIENCY OF SHOWING.

An affidavit for intervention, stating in an argumentative way that affiant holds an assignment of "rights and claims that are to be litigated in the present controversy," is insufficient to show such assignment.

Appeal from Special Term, New York County.

Action by Milton A. Bouden against the Long Acre Square Building Company and others. From an order amending the summons and complaint by making Henry B. Sire and Edward R. Thomas parties defendant, permitting Henry B. Sire to serve an answer on defendant company, and extending the time of Leander S. Sire, one of the original defendants, to answer, plaintiff appeals. Reversed in part, and modified in part.

The action is brought to foreclose a mortgage executed by the defendant company to the plaintiff on or about the 5th day of May, 1903, to secure the payment of $47,748.07 in one year from date. On the 15th day of October, 1902, a lease was executed by the trustees for Henry Astor to the plaintiff of premises

situate at the northwest corner of Broadway and Forty-Fifth street for the term of 21 years from the 1st day of November, 1902, with the privilege of two renewals. This lease was sold and assigned by the plaintiff to the defendant company on condition that the mortgage be given on this leasehold interest to secure part of the purchase price of the assignment of the lease, and the assignment and mortgage so recited. The mortgage contains a condition that the mortgagor should promptly pay the ground rent reserved in the lease, and upon default in such payment the mortgagee might elect that the entire principal should become due and payable. The mortgagor defaulted in paying the rent due on the 1st day of August, 1903. The plaintiff paid this rent, and then brought the action to foreclose the mortgage for the entire amount. The plaintiff claims that Leander S. Sire was made a party defendant for the reason that he was in possession of the premises by virtue of some arrangement with the mortgagor. He was absent from the state, and is now in New Orleans. Personal service was made upon him in Chicago, pursuant to an order for service by publication, on the 3d day of October, 1903. He has appeared by attorney, and obtained an extension of time to answer for 20 days from the 4th day of December, 1903, upon an affidavit that within that time he would return to this state. So far as the defendant Leander S. Sire is concerned, the only reason assigned for the extension of time is that it is deemed advisable that he should not answer until Henry B.'s motion to be made a party defendant is determined, as there are "highly important revelations forthcoming in the answer which it is proposed to serve," and it is preferred that it be served on behalf of Henry. Henry B. and Leander S. Sire are brothers. The affidavit of Henry B. Sire shows, not of his own personal knowledge, but on information derived from conversations with Leander embracing communications between Leander and Thomas, that Leander and Thomas organized the defendant company to conduct a theater upon said premises, on which they held leases in severalty; that they, by mutual agreement, surrendered their leases, and procured the issue of a new lease for 20 years to the plaintiff, who held it for their benefit, and by their direction transferred it to the company, and took back the mortgage to foreclose which this action is brought; that Thomas also purchased an adjoining lot to enable them to extend the theater; that the mortgage was intended as temporary security to secure the amount of Thomas' contribution toward the enterprise; that it was agreed that they should eventually have the same security in the leasehold, and, to that end, Thomas was to surrender the mortgage before it became due, and accept 60 per cent. of a bond issue of the company, which was to equal the amount invested by both, and that 25 per cent. of the stock was to be issued to Thomas, and that the balance of the bonds and stock was to be issued to Leander; that labor strikes and financial stringency thwarted their building operations, and Thomas has resorted to this foreclosure to get back his money; that the greater part of the money invested by Leander was Henry's; that he wishes to have Thomas joined as a defendant with a view to compelling a specific performance of the agreement to surrender the mortgage and to issue the bonds and stock of the company; that Leander gave Thomas the majority of the directorate of the company for the first year, and that Thomas controls a majority of the directors, but that, upon the issue of the bonds and stock, it was understood that Leander should thereafter control the company; that Leander is in New Orleans, "and his return to this city is uncertain"; that he (Henry) applies to be admitted as a party defendant "because of the investment in the property being so largely in my money, and because I now hold an assignment of the said Leander S. Sire's rights and claims that are to be litigated in the present controversy"; that he has not been able to secure the affidavit of Leander as to these facts, "but I do not see as it matters, as it will not be probably denied that I have, by virtue of an assignment of his rights, the standing of a stockholder" in the company. It does not expressly appear that Thomas knew that Leander represented Henry, but Henry further states in his affidavit, apparently on personal knowledge, that he had an interview with Thomas concerning the payment of the ground rent due on August 1st, and it was agreed that they should provide funds in the name of the company to pay them, "so that I left it in the hands of Mr. Thomas, and promised to pay over to him the proportion which would fall to the Sire interest to take care of, the company having no funds in its treasury. Mr.

Thomas promised me personally to take care of the matter on behalf of the company, and, my brother Leander being away at the time, I rested on Mr. Thomas' assurance, and was entirely ready to take care and pay the Sire portion." The attorney who appeared for Leander makes the motion in behalf of Henry, and makes affidavit that he believes that one or the other of them has a good defense to the complaint, in whole or in part. It appears that no stock of the company has been issued, except sufficient to qualify three directors, and that neither Henry nor Leander is a director. The plaintiff's affidavit shows that he purchased these outstanding leases on his own account, and that in surrendering them and procuring the other lease, selling and assigning the same to the company, and taking the mortgage back for the purchase money, he was acting for himself, and that neither Henry nor Leander Sire nor Thomas had any interest therein; that pending the action rent for another quarter has become due, and he has been obliged to pay the same, and that any further delay will greatly prejudice his rights, on account of necessitating the advancement of money as it falls due, and, now that it appears that Leander Sire is not in possession, he contemplates making a motion to discontinue as to him. The affidavit of the treasurer of the company corroborates that of the plaintiff as to the transactions between him and the company, and shows that the company contemplated raising money by a sale of its bonds, and contemplated contracting with Leander Sire for the construction of a theater and office building on the premises, but that it was unable to make the necessary financial arrangements, or to procure a satisfactory contract, and, having no money to pay rent, upon a meeting of the directors subsequent to notice to all the stockholders and officers of the commencement of this action, it was decided that the company had no defense. It appears that Thomas is in Europe, and that it is not expected that he will return for some time.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Emery B. Sykes, for appellant.
William Stone, Jr., for respondents.

LAUGHLIN, J. It is manifest that, as a creditor of his brother Leander, Henry Sire is not entitled to intervene in this action. Nor is he entitled to intervene by reason of the promise of Thomas concerning the payment of the ground rent. It does not appear that Thomas knew that Henry, to whom he made the promise, had any personal interest in the matter. Thomas had a right to assume that Henry was acting for his brother Leander. No satisfactory excuse is offered for his not obtaining the affidavit of Leander. It appears that he knows where Leander is, and we may take judicial notice that within a few days an affidavit could be forwarded from New Orleans. Henry shows no personal knowledge of any of the material facts. Even if it be assumed, therefore, that he has succeeded by assignment to the rights and interests of Leander in the premises, he has not shown by competent proof that he has a meritorious defense to the action, if he were admitted as a party. Moreover, he does not satisfactorily show an assignment of the rights and interests of his brother. It is only stated in an argumentative way, and only relates to the "rights and claims that are to be litigated in the present controversy." The affidavit appears to be evasive, and it is doubtful whether the application was made in good faith. It may be that business men would allow their rights to rest in parol, and execute written documents absolutely inconsistent with the existence of the parol agreements, but that is not the ordinary course; and the ap-

plicant who desires to intervene in an action to interpose such a defense should present a strong case, to remove the suspicion of bad faith, and give reasonable ground for believing that he has a meritorious defense. The court would also have been justified in denying the application to extend Leander's time to answer, but, that not having been done, we think Leander should be given leave to serve his answer within two days after service of the order to be entered on this appeal.

It follows that the order should be reversed, with $10 costs and disbursements, and motion denied, in so far as it relates to the application of Henry B. Sire to intervene and to have Thomas joined as a defendant, with $10 costs, and should be modified, as already indicated, so far as it relates to Leander's application for an extension of time, and, as modified, affirmed, without costs. All concur.