W. J. MORGAREIDGE, *Appellant*, v. W. J. HOWEY, GEORGE JUERGENS AND GERRITT JUERGENS, *Appellees*.

Opinion filed February 8, 1918.

1. The fact that one may be a contract creditor of a partnership does not entitle him to intervene and be made a party to a suit brought to dissolve such partnership.

2. The interest which will entitle a person to intervene must be in the matter in litigation, and of such a direct and immediate character that the intervenor will either gain or lose by

the direct legal operation and effect of the judgment. In other words, the interest must be that created by a claim to the demand in suit or some part thereof, or a claim to or lien upon the property or some part of it, which is the subject of the litigation.

3. Persons having an interest in the subject of a suit in equity and who are either necessary or proper parties to such suit, if not made so by the complainant, may come in by way of application to intervene and be made parties complainant or defendant, to the end that their interests may be adjudicated and protected in such suit.

Appeal from Circuit Court for Polk County, F. A. Whitney, Judge.

Orders reversed.

*Huffaker* & *Holland,* for Appellant;

*Wilson* & *Boswell* and *Olliphant* & *Olliphant,* for Appellees.

WEST, J.—A bill was filed on the 30th day of July, 1913, in the Circuit Court of Polk County by W. J. Howey against W. J. Morgareidge, which had for its purpose the dissolution of a partnership then existing between said parties who were doing business as real estate agents in Polk county under the firm name of Winter Haven Citrus Fruit Farms Company.

To facilitate the accomplishment of this object and to provide for the proper performance of certain contracts of said company, the collection of amounts due it, the payment of valid claims against it, and a proper distribution of the net proceeds and property of said partnesrhip, in accordance with the prayer of the bill, a receiver was

appointed who immediately took charge of the properties of said company.

It appears from the record that a little more than two years elapsed before an answer was filed by the defendant. He then answered admitting most of the material allegations of the bill, denying the necessity for the appointment of a receiver, but "answering further says that inasmuch as a receiver, in accordance with the prayer of said bill, was appointed he is willing for said receiver to serve until a final accounting can be had of the affairs of the said Winter Haven Citrus Fruit Farms Company and its affairs wound up and the funds in his hands distributed under the directions of this Honorable Court."

On the 8th day of August, 1916, George Juergens and Gerritt Juergens were, upon application to the court, granted permission to file a petition for intervention in said suit.

In their petition for intervention it is alleged, among other things, that the petitioners during the month of January, 1912, purchased certain lands in Polk county which were then being handled by said Winter Haven Citrus Fruit Farms Company as agents, said lands being owned by Southern Land & Securities Company; that the petitioners were not themselves familiar with the descriptions of the lands selected and purchased by them, but relied upon representations made by said agents as to the description of the lands shown them; that in the deeds received therefor other lands than those so selected and purchased were conveyed to them; that petitioners are informd that a portion of the consideration paid by them for said land was paid to the Southern Land & Securities Company, the owner, and the balance was paid to said agents who sold the lands under sales contracts; that the petitioners have reached an agreement with the Southern

Land & Securities Company and with the complainant
to the effect that upon a reconveyance to said company
by said petitioners of the lands conveyed by it to them
it will return to them the amount received by it for said
lands, the complainant agreeing that said Winter Haven
Citrus Fruit Farms Company, which was the agent effect-
ing said sale, will return to petitionners the amounts re-
ceived by it, namely, the sum of $3,431.60 with interest
thereon at the rate of 6% per annum from March 1st,
1912, to the date of settlement.

The prayer is that a decree may be granted in favor of
petitioners and against said Winter Haven Citrus Fruit
Farms Company requiring it to pay petitioners the
amount of their claims with interest, and that the re-
ceiver be required "out of the funds and assets in his
hands belonging to said partnership, to pay your peti-
tioners the said sums of money.

The complainant filed an answer admitting the error
in the description of the lands conveyed to petitioners,
and admitting "that since the institution of this suit and
the appointment of said receiver this complainant agreed
with the said petitioners that from the assets now in the
hands of the said receiver the amount agreed upon should
be refunded to them in satisfaction of their claims against
the said Winter Haven Citrus Fruit Farms Company, and
this complainant is still willing that such settlement
should be made, provided the said intervenors should
reconvey the lands actually conveyed to them through
error."

The Southern Land & Securities Company, the grantor
in the deeds in which the alleged error occurred is not a
party to the suit.

The defendant moved to strike the petition, which mo-
tion was overruled. The defendant demurred to the

petition and his demurrer was overruled. He then filed a plea to the petition which was also overruled by the court, wheerupon an appeal was taken to this court and the orders of the court below overruling defendants motion to strike the petition, his demurrer and plea thereto were assigned as errors.

From this record it appears that the petitioners are at most, looking at the case from the most favorable standpoint for them, simply creditors of the partnership sought to be dissolved and for which a receiver has been appointed by the court. It is alleged in the petition for intervention "that your petitioners are creditors of the said Winter Haven Citrus Fruit Farms Company, lately doing business in Polk County, Florida, as aforesaid, and your petitioners are informed that the Receiver so appointed has in his hands sufficient funds belonging to said partnership to pay off the amount as agreed to be refunded to your petitioners by said partnership."

In this situation no ground for intervention by these petitioners is shown. The fact that the petitioners may be contract creditors of the partnership does not entitle then to intervene and be made parties to the dissolution suit. Bouden v. Longacre Square Bldg. Co., 86 N. Y. Supp. 1080, 92 App. Div. 325; Welborn v. Eskey, 25 Neb. 193, 40 N. W. Rep. 959; Kansas & C. P. R. Co. v. Fitzgerald, 33 Neb. 137, 49 N. W. Rep. 1100; Dennis v. Spencer, 51 Minn. 259, 53 N. W. Rep. 631; Postal Tel. Cable Co. v. Snowden, 68 Md. 118, 12 Atl. Rep. 549; May v. Disconto Gesellschaft, 211 Ill. 310, 71 N. E. Rep. 1001; Lincoln v. New Orleans Exp. Co., 45 La. Ann. 729, 12 South. Rep. 937.

The rule authorizing intervention has been stated as follows: "It has generally been held that the interest which will entitle a person to intervene under this provis-

ion must be in the matter in litigation, and of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment. In other words, the interest must be that created by a claim to the demand in suit or some part thereof, or a claim to, or lien upon, the property or some part thereof, which is the subject of litigation." 17 Am. & Eng. Ency.of Law (2nd ed.) 181; Horn v. Volcano Water Co., 13 Cal. 62, 73 Am. Dec. 569; Smith v. Gale, 144 U. S. 509, 12 Sup. Ct. Rep. 674; Isaacs v. Jones, 121 Cal. 257, 53 Pac. Rep. 793; Wightman v. Evanston Yaryan Co., 217 Ill. 371, 75 N. E. Rep. 502. In the latter case the court said: "From the foregoing text and decisions we understand the rule to be no more nor less than that parties having an interest in the subject-matter of the suit in equity, and who are either necessary or proper parties to such suit, if not made so by the plaintiff, may come in by way of application to intervene, and be made parties complainant or defendant, to the end that their interests may be adjudicated and protected."

Tested by this rule we think the petitioners have not, by their petition, stated such a case as entitles them to intervene and be made parties to this suit·

The orders appealed from are reversed with directions to grant defendants motion to strike the petition. It is so ordered.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.