DANIEL CRACOWANER and wife, ANNIE CRACOWANER, *Appellants,* vs. R. R. WORTHINGTON and GLADYS M. WORTHINGTON, his wife, FIRST SAVINGS & TRUST COMPANY, a corporation, and THE DOWLING COMPANY, a corporation, *Appellees.*

Division B. .

757

Opinion filed May 30, 1931.

*Feinberg & Johnson* and *Watson & Saussy,* of Tampa, for Apellants;

*McKay, Withers & Ramsey,* of Tampa, for Appellees.

DAVIS, J.—The facts in this case are as follows: In April 1925, Worthington and his wife, sold certain land in Pasco County to Cracowaner. As part of the consideration the purchaser executed two notes to Worthington each for $4,500.00 payable in one and two years, respectively. Those notes were secured by a mortgage upon the property. Three thousand dollars were paid as a cash payment when the trade was concluded. In May, 1925, Worthington transferred the notes and mortgage to the Dowling Company, a corporation, Worthington endorsed the notes and delivered them to the corporation which at the same time

assigned and transferred them by endorsement to the First Saving & Trust Company of Tampa, which holds them as security for the indebtedness of Worthington to the Trust Company and on which the Dowling Company was endorser. One Thousand Dollars was paid in November, 1926, by Cracowaner either upon the notes or pursuant to an agreement for the extension of time of payment of them.

In December, 1926, Cracowaner began his suit in equity against Worthington and wife and the First Savings & Trust Company for a cancellation of the mortgage and return to him of the money paid on the purchase price of the land upon the ground that Worthington had misrepresented the quality of land sold in that he said it wa· high and dry with no standing water on the same and that a certain "flowing branch" was not situated on the land. The representations were alleged to be false and that complainant was deceived by them.

The First Savings & Trust Company answered the bill; pointed out by way of plea incorporated in the answer that The Dowling Company was a necessary party and incorporated a demurrer to the bill. Worthington also answered.

The First Savings & Trust Company filed a cross bill making Cracowaner, Worthington and The Dowling Company defendants for the foreclosure of the Cracowaner mortgage. Worthington answered the cross bill admitting its allegations. The Dowling Company also answered averring that it acquired the notes from Worthington before maturity and for a valuable consideration, admitting the ownership of the notes and mortgage by First Savings & Trust Company and averred that whatever sum was realized from a sale of the property under the fore-

closure should be applied by the Trust Company upon the Worthington indebtedness to it.

Upon petition filed the Court allowed by order to that effect the Dowling Company to become a cross complainant with the Trust Company in the cross bill for the foreclosure of the mortgage. Cracowaner moved to dismiss the cross bill, which motion was granted in May, 1928. Then the Trust Company and The Dowling Company in June, 1928, moved the Court to vacate that order and that motion was denied.

In December, 1928, The Dowling Company filed its petition for leave to intervene which petition was granted and was allowed to stand as the answer and counter claim of that Company. Worthington answered admitting the allegations and Cracowaner demurred on the ground that it did not appear from the petition of The Dowling Company that the assignment of the mortgage to it had been duly recorded and that Cracowaner under the allegations of the bill is a creditor of Worthington. The demurrer was overruled and in November, 1928, Cracowaner interposed a plea to such part of the petition of the Dowling Company as "seeks to assert for the petitioner the right of assignee under and of the mortgage made by the complainant, Daniel Cracowaner, and described in the original bill filed in this suit," etc. The plea contains averments of legal conclusions based upon the allegations of the bill that complainant Cracowaner is a creditor of Worthington to the extent of the money paid to him upon the purchase price of the lands inasmuch as in equity he is entitled to a cancellation of the mortgage and a refunding to him of the money paid because of the alleged fraudulent representations made by Worthington concerning the character of the land sold.

The plea was overruled and Cracowaner appealed.

Altho the appeal is taken from the order over-ruling the plea, it appears that the bill of complaint alleges no facts entitling complainant to the relief prayed as it is flagrant-ly deficient in allegations to establish a fraudulent repre-sentation of material facts as to the land justifying a rescission of the mortgage.

The bill of complaint does not allege that the facts al-leged to have been misrepresented by Worthington in the sale of the land were unknown to Cracowaner or that he had no opportunity to be informed concerning them, or that there existed any fiduciary relation between him and the seller. The parties traded at arm's length and com-plainant had an opportunity to examine the site of the land and its condition; besides that the allegations of the bill show laches on Cracowaner's part in seeking relief and indifference as to his interests.

The Dowling Company was a necessary party to the bill as it was the owner of the notes and mortgage although they had been pledged as collateral security with the First Trust & Savings Company. See Morgareidge v. Howey, 75 Fla. 234, 78 So. 14.

The Dowling Company's claim was in the nature of a counter claim. The notes and mortgage held by it were sought by the maker to be cancelled. The Dowling Com-pany asked in reply that as the notes were due and unpaid that the mortgage be forclosed.

Cracowaner's rejoinder that the Dowling Company had not caused the assignment of the notes and mortgage to be recorded, becomes immaterial inasmuch as it appears that his bill of complaint was without equity and justified no relief whether the assignment was recorded or not.

Under the circumstances error, if any, in over-ruling

the plea was harmless to Cracowaner, whose bill of complaint was bad, even as against the original mortgagee.

The order is therefore affirmed.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.