**CASTRO CONVERTIBLE CORPORATION,**
Plaintiff-Appellant,

v.

**Julie Ann CASTRO, Defendant-Appellee.**

No. 78–2677
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 31, 1979.

Rehearing Denied Aug. 9, 1979.
See 600 F.2d 545.

Edward Bennett Williams, Robert L. Weinberg, John K. Villa, Washington, D. C., Steadman S. Stahl, Jr., Hollywood, Fla., Bruce R. Genderson, Washington D. C., for plaintiff-appellant.

DiGiulian, Spellacy & Bernstein, Bruno L. DiGiulian, John B. DiChiara, Fort Lauderdale, Fla., for defendant-appellee.

Before AINSWORTH, GODBOLD and VANCE, Circuit Judges.

GODBOLD, Circuit Judge:

Plaintiff Castro Convertible Corporation employed Bernard Castro. Bernard was insured under a group life policy offered to its employees by Castro Convertible and issued by Phoenix Mutual Life Insurance Company. Julie Ann Castro, the wife of Bernard,[1] and defendant-appellee, was the primary beneficiary of the life insurance proceeds. The Castros' infant daughters, Kimberly Ann and Deena Theresa, were the contingent beneficiaries. Julie Ann shot and killed Bernard. Because of its uncertainty whether Julie Ann had murdered her husband (in which event the proceeds of the insurance policy would go to the daughters as contingent beneficiaries) or killed him in self-defense (in which event the proceeds would go to Julie Ann as primary beneficiary) Phoenix Mutual filed an interpleader action against the primary and contingent beneficiaries in Florida Circuit Court and

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

1. Now Julie Ann Musselman, having remarried.

deposited the proceeds into the registry of the state court. A guardian *ad litem* was appointed to represent the interests of the children.

Castro Convertible sought to intervene in the state interpleader suit, asserting a contract right as promisee of the insurance contract to ensure that the proceeds were distributed as it wished. The state trial court denied intervention, the Florida Court of Appeals affirmed, and the Florida Supreme Court denied certiorari. *Castro Convertible Corp. v. Phoenix Mutual Life Ins. Co.*, No. 75–5435 (Broward County Cir.Ct., March 5, 1976), *aff'd*, 346 So.2d 83 (Dist.Ct. App.1977), *cert. denied*, 355 So.2d 513 (Fla. 1978). The primary and contingent beneficiaries have entered into a settlement agreement resolving the state interpleader action. Under this agreement $106,000 was paid to a trust fund for the children and $25,000 jointly to Julie Ann and the guardian *ad litem* for the children.

Castro Convertible filed suit in federal district court against Julie Ann, basing jurisdiction on diversity. It asserted that it was the promisee of Bernard's life insurance contract and that as promisee it had a contract right to ensure that the proper beneficiary received the proceeds of the contract. Castro Convertible further alleged that Julie Ann unlawfully killed her husband, that she was therefore not legally entitled to any of the proceeds of the insurance policy, and requested that a constructive trust for the benefit of the daughters be impressed on any funds Julie Ann received.[2]

The district court dismissed, stating that the case presented state law issues into which federal courts should not inquire and that the plaintiff had no standing to bring the suit because it had suffered no injury in fact. We affirm, although on somewhat different grounds.[3] *See Brown v. Allen*, 344 U.S. 443, 459, 73 S.Ct. 397, 97 L.Ed. 469, 490 (1953).

Castro Convertible will not be able to recover unless it can prevail on its argument that under the applicable state law it has a contract right, under the group insurance policy issued to Bernard by Phoenix Mutual, to have a voice in whether the proceeds are distributed to the primary beneficiary or to the contingent beneficiaries. Castro Convertible cites many authorities supporting the proposition that the promisee in a third-party beneficiary contract is a real party in interest, who, like the ultimate beneficiary, has standing to maintain a suit for breach of contract. *See, e. g., Interstate Fire Insurance Co. v. Sayers*, 468 F.2d 1361 (CA5, 1972); F.R.Civ.P. 17(a). At least on first impression these authorities do not appear to be relevant to the present case since Castro Convertible's rights under the insurance contract did not include that of choosing the beneficiary—the covered employee has this right. However, we need not reach this state contract law question nor the conflict of laws question of which state's law applies. The critical legal issue has been resolved against Castro Convertible by the Florida courts, and it is barred by res judicata from relitigating it in the federal courts.

2. It is somewhat difficult to ascertain exactly what relief Castro Convertible is seeking. As we read its complaint, it clearly wants a constructive trust for the children imposed on the $25,000 that was paid jointly to Julie Ann and the guardian *ad litem*. However, in its brief before this court, Castro Convertible also complains of payments made from the trust fund by the guardian *ad litem* to Julie Ann for support of her daughters. These payments are coming from monies already placed in trust for the daughters, the relief requested by Castro Convertible. It is difficult to identify a plausible theory under which Castro Convertible has standing to challenge payments by the trustee

or under which a federal court would involve itself in these issues of guardianship and family law that are traditionally entrusted to the states.

3. If the district court intended to hold that there was no Article III standing, we think it was incorrect. Castro Convertible alleges that it has a right under the group insurance contract to have the proceeds paid to the legally correct beneficiary. The allegation that its right under this contract has been denied to it is sufficient allegation of injury in fact to confer Article III standing.

Although Castro Convertible is correct in arguing that it is not bound by the settlement agreement between the primary and contingent beneficiaries because it was not allowed to intervene, *see, e. g., Deauville Associates v. Magraw*, 197 F.2d 87 (CA5, 1952), all issues raised by its motion to intervene are res judicata as to Castro Convertible if fully litigated in the state courts. *See Brotherhood of Locomotive Firemen v. Seaboard Coast R.R.*, 413 F.2d 19, 23–24 (CA5), *cert. denied*, 396 U.S. 963, 90 S.Ct. 432, 24 L.Ed.2d 426 (1969).

 The Florida Circuit Court explicitly ruled on the crucial substantive issue presented by this case—whether Castro Convertible has any contract right to direct the distribution of proceeds under Bernard Castro's insurance contract with Phoenix Mutual. Under Florida law intervention may be permitted only if the party seeking intervention has "an interest" in the litigation. Fla. Rules of Civil Procedure 1.230. The interest claimed cannot be merely an indirect interest in the case but "must be that created by a claim to the demand in suit or some part thereof, or a claim to, or lien upon, the property or some part thereof, which is the subject of litigation." *Miracle House Corp. v. Haige*, 96 So.2d 417, 418 (Fla.1957), *quoting Morgareidge v. Howey*, 75 Fla. 234, 78 So. 14, 15 (1918). In other words the interest in the litigation must be "of such a direct and immediate character that the intervener will either gain or lose by the direct legal operation and effect of the judgment." *Id.*

Castro Convertible of course claimed such a direct interest in the outcome of the state suit; it asserted that it had a right under the insurance contract to ensure that Ms. Castro received none of the proceeds of the contract. The state trial court specifically rejected this claim of a direct interest:

> The proposed Intervenor's interest in the pending cause is not a direct interest, and therefore is not sufficient to allow intervention. The proposed intervenor will neither gain nor lose by the direct legal operation and effect of the Judgment entered in this cause.

 This ruling of the state court is res judicata in the federal courts. Castro Convertible may not reargue here that it has a contract right in the disposition of the insurance proceeds when the state court has held that it will neither "gain nor lose" by the distribution of the proceeds.

AFFIRMED.