531 So.2d 996 (1988)
NATIONAL WILDLIFE FEDERATION INC., and Florida Wildlife Federation, Inc., Appellants,
v.
J.T. GLISSON, Horace R. Drew, Jr., Pete and Terry Cucchiara, Burman and Shirley Dodd, Joseph and Erie Dunn, Carlton Glisson, Frank and Ruby Mlsna, Truman and Vanice Parker, Marjorie Aldora, Dorothy Hamilton, Tommie and Naomi David, John and Lessie Rimes, Ed and Freddie Tanner, J.W. and Loraine Thomas, Francis Sangster and Alachua County, Appellees.
No. 87-1616.
District Court of Appeal of Florida, First District.
September 15, 1988.
*997 David J. White, Atlanta, Ga., for appellant National Wildlife Federation, Inc.
Timothy Keyser, Interlachen, for appellant Florida Wildlife Federation, Inc.
William O. Miller, G. Stephen Parker and Robert B. Baker, Jr., of Southeastern Legal Foundation, Inc., Atlanta, Ga., and Bruce Brashear, of Watson, Folds, Steadham, Christman & Brashear, Gainesville, for appellees J.T. Glisson, et al.
Thomas A. Bustin, Co. Atty. and Thomas D. MacNamara, Asst. Co. Atty., Gainesville, for appellee Alachua County.
THOMPSON, Judge.
The National Wildlife Federation, Inc. and the Florida Wildlife Federation, Inc. sought to intervene in a suit filed in Alachua County Circuit Court against Alachua County by the individual appellees, but intervention was denied. We agree with appellants that intervention should have been allowed, and reverse the order denying their motion to intervene.
The case arose out of Alachua County's amendment of its land use plan which sets forth development plans and conservation goals applicable to the Cross Creek Village and surrounding area which will have the effect of curtailing all types of development in the area and preserving the natural habitat of the area's wildlife. The individual appellees, the plaintiffs below, filed suit against Alachua County challenging the validity of the amendment. Approximately 23 months later appellants sought to intervene on behalf of defendant Alachua County.
The oft-quoted general rule of intervention appears in Morgareidge v. Howey, 75 Fla. 234, 78 So. 14 (1918):
The interest which will entitle a person to intervene... must be in the matter in litigation, and of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment. In other words, the interest must be that created by a claim to the demand in suit, or some part thereof, or a claim to, or *998 lien upon property or some part thereof, which is the subject of litigation.
Id., 78 So. at 15. Fla.R.Civ.P. 1.230 provides:
Anyone claiming an interest in pending litigation may at any time be permitted to assert his right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding, unless otherwise ordered by the court in its discretion.
Intervention should be liberally allowed. Miracle House Corp. v. Haige, 96 So.2d 417 (Fla. 1957). An intervenor must accept the record and pleadings as he finds them and cannot raise new issues, although he may argue the issues as they apply to him as a party. Riviera Club v. Belle Mead Development Corp., 141 Fla. 538, 194 So. 783 (Fla. 1940); Williams v. Nussbaum, 419 So.2d 715 (Fla. 1st DCA 1982). When appellants filed their motion to intervene trial was scheduled for approximately 6 months thereafter, and was eventually rescheduled for an even later date. Discovery was still underway and the pleadings had not yet closed. Appellants did not offer any explanation for the timing of the motion, but did assure the court that their desire to intervene would not delay or disrupt the proceedings. The motion to intervene cannot be regarded as untimely. See Bay Park Towers Condominium Association, Inc. v. H.J. Ross & Associates, 503 So.2d 1333 (Fla. 3d DCA 1987).
In support of their motion to intervene appellants submitted affidavits of six Florida Wildlife Federation members who are residents and real property owners and/or business owners and operators in the Cross Creek area. The affiants testified as to their use of the area in question as well as the potential impact on their lives and businesses should plaintiffs prevail in their suit against Alachua County. Appellants also submitted an affidavit of the president of the Florida Wildlife Federation which indicated the extent of the organization's membership and the particular areas of concern which it deems important, and an affidavit of a Florida Game and Fresh Water Fish Commission biological scientist who testified as to the type of wildlife found in the Cross Creek area and the threat posed should excessive development of the area occur.
Appellants clearly demonstrated an interest of such a direct and immediate character that they would either gain or lose by the direct legal operation of the judgment in the plaintiffs' suit against Alachua County. Morgareidge. The fact that the proposed intervenors acknowledged that they were not interested in litigating every issue raised by the plaintiffs is immaterial. A proposed intervenor's interest may be in the entire suit, or some part thereof. Id. Accordingly, intervention should have been allowed. The denial of appellants' motion to intervene constitutes an abuse of discretion on the part of the trial court, and is REVERSED.
BARFIELD, J., concurs.
NIMMONS, J., dissents.
NIMMONS, Judge, dissenting.
I disagree with the majority's conclusion that the trial court's denial of intervention was an abuse of discretion. I would point out that the plaintiffs' complaint (the individual appellees herein) attacked the County's subject ordinance as unconstitutional. The County was actively and vigorously defending its ordinance in this litigation when the appellants filed their motion to intervene some 23 months after the suit was filed. In my view, the interests represented by appellants were already being adequately represented by the County.
I would affirm.