634 So.2d 198 (1994)
In the Interest of S.S.J., a child.
No. 93-462.
District Court of Appeal of Florida, First District.
March 21, 1994.
Terrance A. Jones, Orange Park, for appellant.
John D. Lacko, Asst. Dist. Legal Counsel, Dept. of Health and Rehabilitative Services, Jacksonville, for appellee.
PER CURIAM.
Appellant, the mother of S.S.J., appeals the order of the trial court finding S.S.J. dependent and committing her to the temporary custody and control of appellee Department of Health and Rehabilitative Services. Appellant raises four issues: (1) whether the trial court abused its discretion in permitting *199 Vocal of Jacksonville, Inc., to intervene in the dependency proceeding; (2) whether the trial court abused its discretion in allowing evidence of the mother's past neglect of S.S.J.'s siblings; (3) whether the trial court erred in denying appellant's motion for judgment of dismissal; (4) whether there exists competent, substantial evidence to support the trial court's finding of dependency based on prospective neglect. We affirm.
We find appellant's arguments with respect to issues two, three and four to be without merit, and affirm as to those issues without further comment. We write only to explain our affirmance as to issue one. An organization known as VOCAL (Valuing our Children and Laws) of Jacksonville, Inc., filed a motion to intervene in the dependency proceeding, allegedly at the request of S.S.J.'s natural father. VOCAL requested the trial court to consider ordering appellant to submit to involuntary birth control. At the intervention hearing, the trial court determined that it would not consider involuntary birth control as an option, but indicated that it felt compelled to grant VOCAL'S motion to intervene pursuant to Section 39.404 and Section 39.461, Florida Statutes. We find that neither Section 39.404(1), Florida Statutes (Supp. 1992), nor Section 39.461(1), Florida Statutes (Supp. 1992), compelled the trial court to grant VOCAL's motion. Section 39.404(1), Florida Statutes (Supp. 1992), provides in pertinent part:
All proceedings seeking an adjudication that a child is dependent shall be initiated by the filing of a petition by an attorney for the department, or any other person who has knowledge of the facts alleged or is informed of them and believes that they are true.
Section 39.461, Florida Statutes (Supp. 1992), provides in pertinent part:
All proceedings seeking an adjudication to terminate parental rights shall be initiated by the filing of an original petition by an attorney for the department, or by any other person who has knowledge of the facts alleged or is informed of them and believes that they are true, or shall be initiated pursuant to s. 39.464.
These statutory provisions apply when determining who may file a petition for dependency or termination of parental rights. They should not, however, be confused with the applicable test for determining a party's entitlement to intervention.
[T]he interest which will entitle a person to intervene ... must be in the matter in litigation, and of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment. In other words, the interest must be that created by a claim to the demand in suit or some part thereof, or a claim to, or lien upon, the property or some part thereof, which is the subject of the litigation.
Union Central Life Insurance Company v. Carlisle, 593 So.2d 505, 507 (Fla. 1992) (citing Morgareidge v. Howey, 75 Fla. 234, 238-39, 78 So. 14, 15 (1918)). VOCAL's motion for intervention expresses an "interest in preventing any other children of Mrs. [J.] from being abused or becoming wards of the state," and requests that the court consider "involuntary birth control (Norplant)" for Mrs. [J.]. In applying the test for intervention to the interest identified by VOCAL we conclude that VOCAL failed in the proceedings below to articulate an interest of such a "direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment." Accordingly, we find that the trial court abused its discretion in granting VOCAL's motion to intervene. Although we find error in this regard, the error bears no significance to the resolution of the substantive issues raised in this appeal. Therefore, no remand is necessary. See § 59.041, Fla. Stat. (1993).
Our opinion should not be construed to preclude or deter VOCAL, its members, or any other citizen for that matter, from filing a petition for dependency or termination of parental rights under the appropriate circumstances.
AFFIRMED.
BARFIELD, MINER and KAHN, JJ., concur.