866 So.2d 140 (2004)
Robert SCHINDLER and Mary Schindler, parents of Theresa Marie Schiavo, Appellants,
v.
Michael SCHIAVO, as Guardian of the person of Theresa Marie Schiavo, Appellee.
No. 2D03-5200.
District Court of Appeal of Florida, Second District.
February 13, 2004.
*141 Patricia Fields Anderson of Patricia Fields Anderson, P.A., St. Petersburg; and Jay Alan Sekulow, James M. Henderson, Sr., Walter M. Weber, and David A. Cortman of American Center for Law and Justice, Washington, DC, for Appellants.
George J. Felos of Felos & Felos, P.A., Dunedin; Randall C. Marshall of American Civil Liberties Union of Florida, Miami; and Thomas J. Perrelli, Robert M. Portman, and Nicole G. Berner of Jenner & Block LLP, Washington, DC, for Appellee.
DAVIS, Judge.
Robert and Mary Schindler, the parents of Theresa Marie Schiavo, challenge the trial court's order denying their motion to intervene in case number 03-008212-CI-20, which is pending in the circuit court in Pinellas County. Because the trial court failed to follow the rule that has been established for determining motions to intervene, we reverse.
After previous guardianship proceedings resulted in the determination that the Schindlers' daughter, Mrs. Schiavo, would have chosen to discontinue life-prolonging procedures after remaining in a persistent vegetative state, Mrs. Schiavo's husband and court-appointed legal guardian of Mrs. Schiavo's person, Michael Schiavo, sought and obtained permission from the court to terminate life-prolonging procedures by withdrawing the hydration and nutrition tube that was sustaining Mrs. Schiavo's life. The tube was withdrawn on October 15, 2003.
Six days later, on October 21, 2003, the Florida Legislature passed House Bill 35-E, which was enacted as chapter 2003-418, Laws of Florida, known popularly as "Terri's Law." This law allowed the Governor of the State of Florida, in certain situations, to issue a one-time stay and to order reinsertion of the hydration and nutrition tube. The Governor exercised this power and ordered reinsertion of the tube, which was accomplished soon after the Governor's order. Mr. Schiavo, as guardian of Mrs. Schiavo's person, then filed the action below, asking the trial court to declare chapter 2003-418 unconstitutional.
The Schindlers moved to intervene in this constitutional challenge, requesting permission to participate in the litigation as parties. Mr. Schiavo, as guardian of Mrs. Schiavo's person, objected. The trial court denied the Schindlers' motion, finding that "there are no significant factual issues to be developed that might be impacted by their presence as a party." The order went on to suggest that any interest the Schindlers might have could be developed by their filing an amicus curiae brief.
However, under the now well-established rule authorizing intervention, which was originally adopted in Florida in Morgareidge v. Howey, 75 Fla. 234, 78 So. 14 (1918), the movant's potential impact on the factual issues to be developed is not determinative. Rather, the trial court must find not only that the movant has an interest in the matter in litigation, but also that the movant's interest is "of such a direct and immediate character that the intervener will either gain or lose by the direct legal operation and effect of the judgment." Id. at 15. The court explained: "In other words, the interest must be that created by a claim to the demand in suit or some part thereof, or a *142 claim to, or lien upon, the property or some part thereof, which is the subject of litigation." Id.
In denying the Schindlers' motion to intervene, the trial court did not address either of the elements of the Morgareidge intervention rule. Although the order denying the Schindlers' subsequent motion for rehearing does use language that appears to acknowledge the Morgareidge rule by referring to the insufficiency of the Schindlers' interest, that order does not explain why the Schindlers' interest was insufficient pursuant to the above rule. Because the court did not apply the rule set forth in Morgareidge when it denied the Schindlers' motion to intervene, the order is reversed.
Reversed and remanded for further proceedings consistent with this opinion.
FULMER and WALLACE, JJ., concur.