,Mr Chief Justice Marshall
 

 delivered the opinion of, the Court.
 

 
 *374
 
 This suit was brought by the plaintiff, against the defendants, the acting executors of. Mrs Martha Washington, íate of Mount Vernon, to obtain payment of legacies bequeathed to him in her last will.
 

 The
 
 testatrix, after Several devises and bequests, devised as: follows: “ Item, it is my will and desire, that all the rest , arid residue of my estate, of whatever'kind and description, not herein specifically devised , or bequeathed, shall be sold by. the executors, of this my last will,, for ready money, as soon after my decease as the same can be done, and that the' proceeds thereof,, together with all the money in the house, and the debts due to fire, (the debts due from me and the legacies bequeathed, béing first satisfied)'shall be invested by my executors in eight per cent; stock of the funds of the United States,.arid shall stárid on the books in the. name of my executory, in. their character of éxecutors of my will; and it is" my desiré that ihe interest thereof shall be applied to. the proper education of Bartholomew Henley, ánd . Samuel. Henley, 'the two youngest sons of rtiy sister Henley, and also to the education of John Dandridge, son of my .deceased, ritephéw John Dandridge,'so. that they may be severally fitted and accornplished in, somé useful trade; and tq each. Of them who shall have lived to finish his education, or.to reach the age of twenty-one years, I give and bequeath one hundred pounds, to set him up in his trade.
 

 , “ Item, my . debts and legacies being paid; and the education of Bartholomew Henley, Samuel Henley, and John Dandridge • aforesaid being completed, or they being all dead before the corhpleti’on thereof, it is my will.and desire* that all my estates arid intérésts, in whatever form existing; whether in rhoriey, funded stock, or any other species of property, shall be equally divided.atiiong all the persons hereinafter mentioned; who shall'be living at thé time that the interest' of the funded stock shall cease to be applicable, in pursuance Of my will herein before expressed, ,to íhe e.ducation of .my nephews» Bartholomew Henley, Samuel Henléy, and John Dandridge; namely, among Anna Maria Washington, daughter of my/niece, and John Dandridge, son of my nephew, and all my great grandchildren living at the time
 
 *375
 
 that the. interest of .the .said funded stock shall .cease to be applicable to the education of the said B..Henley, S.. Henley, and John Dandridgej and the same shall cease to be so applied when .all of them .shall die before they arrive to the age of twenty-one years, or those living shall have finished their education, or arrived at the age of twenty-one years.,} and so long as.any one of the three lives, who has not finished his. education or arrived to. the age of twenty-one years, the division of the said residuum is to be deferred, and no longer,”
 

 The bill charges that.the executors.have not paid the: several suras of money bequeathed to him .by their testatrix } and prays that they may be decreed to pay the. same with interest.
 

 The process was executed on one of the executors only. He failed to .answer, and the bill as. to him was taken for confessed,' and the court ordered the master commissioner to ascertain the period when the complainant attained his age of twenty-one years, and what would have been. a.competent siim for his education,..according to the .true intent and méaping of the last will of Martha Washington, and make.report 10 the.court. At a subsequent.term the defendants were ordered to settle their accounts before the commissioner. The defendant,. Thomas Peter., afterwards appeared, and filed his answer, ift whiéh he admits the last will of Martha Washington deceased, and that*'bis co-defendant and himself alone have qualified as executors, thereof. He says that they have paid the. legacy of one hundred pounds, and. advanced a considerable sum of money to the guardián of B..Henley,-S. Henley, and the complainant, to fit them , for some useful trade. He also, alleges that the executors have been prevented from dividing the. residuum,, by the unreasonableness of the demand made by the complainant.
 

 The .master’s report shows that the complainant attained his age of twenty-one years on the 21st day of November 18 f 7 j that-the defendants were on that'day indebted to the estate for principal, the sum of $7282.30, and for interest accruing thereon and remaining in their hands, the sum of .$7345.1 L That they had paid the -legacy of 100 pounds, and
 
 *376
 
 had,advanced to. the guardian of the complainant for his education the sum of $166.67.
 

 The cause came on to be heard in April 1827, when the bill was .dismissed for- want of proper parties.
 

 At the argument, the counsel for the defendants .have, insisted that not qnly Bartholomew and Samuel Henley, but all the residuary legatees should have been made parties.
 

 .This Court.is clearly of opinion that the two Henleys who participated with the complainant in .the fund applicable to their education, ought to have been parties to a suit which asks Jthe distribution, of that fund. This would be admitted if the whole MvaS distributable among them. But the Court thinks'it also proper, though a different cpnr struction should be put on the will. The fund is not so large that the claims of .each, w'hile all were under age, might bq. satisfied without taking into view the claims of the other two. In determining hp#/ much ought to have been applied to the education of tffe complainant, the. Court woqld, find it necessary to take into consideration the amount of the furid and the relative situation of all. the persons entitled to it.' They- ought to have beep parties toa suit-.in which their interests were involved.
 

 The question whether the w'hole interest accruing-on the' •residuum 'ought to be divided among the.legatees, to whose education it was applicable,.or only so much tfiereofas was necessary,for the purpose for which it .was given, has been. earnestly, discussed at the.bar. In considering this, question, as in all .others depending on wills, the intention of the tes--tatrix is to be collected from the will, and. from, the circumstances under which it was made. In this .case th.e testatrix does not appear to have intended a pecuniary donation to .the. parties in the particular bequest under consideration. Her intention iq that respect was effected-by the gifts of 1Q0 pounds to eajpb, to set him up in his trade. This bequest seems to have been made not with a view of adding to their private fortunes, but with;a view to their education and preparation for that particular business which, they were after-wards to pursue. They aré-not therefore entitled to the
 
 *377
 
 whole fund, whatever may be its amount, but to so much of it as is required for the object it is to accomplish.
 

 In ascertaining the amount which is so applicable, the plaintiffs contend that one of the learned professions'may be taken as the standard, with as much propriety as the trade or art of a mechanic. The Court does not think so. The distinction between a profession and a trade is.well understood; and they are seldom, if ever, confounded with each other in -ordinary language. If the testatrix had contemplated what in the common intercourse of society is denominated a profession, she would scarcely have used a term which is generally received aá denoting one of the mechanical arts.
 

 But we do not think the bequest is confined to the expense of acquiring the trade, , so as to be enabled to exercise it in the common way. Such does not appear to have been the intent of the testatrix. Her bounty is extended to the proper education of three relatives, so that they may be severally fitted and accomplished in some useful trade. Their education is a primary object, as well as their acquisition of of the trade; and when we consider the situation and character of the parties, and the language of the will, we cannot doubt that the testatrix intended such an éducation as would fit .her relatives to hold a distinguished place in that line of life in which she designed them to move. The sum allowed for the object ought to be libeifal, such as would accomplish it, if the fund from which it was to be d.rawn would admit of it.
 

 In a suit for the distribution of this fund we do not think the, residuary legatees necessary, parties. They have undoubtedly an interest in reducing the sum to be allowed out of it to the complainant, but they have the same interest in reducing every demand on the estate. Whatever remains sinks into the residuum, and that residuum is diminished as well by the claims of creditors and specific legatees as by this. In all such 'cases'the executors represent the residuary legatees, and guard their interests. It is a part of that duty which requires them to protect the interests of the estate.
 
 *378
 
 In such suits the residuary legatees are never made parties.. To require it would be an intolerable burthen on those who have claims on an estate in the hands of executors.
 

 We do not think -that the bill ought to have been., dismissed for want of proper parties, .unless the Complainant refused to make such as were really necessary; and then it might have been dismissed without prejudice.
 

 The circuit court can make no decree for the distribution of the. residuum, unless all. those entitled jo distribution are brought before the court;..but it may grant all other relief to which the complainant- may be entitled, on making Bartholomew and Samuel Henley parties.
 

 This Court is-of opinion, that the decree of the circuit court, dismissing the complainant’s bill, ought. to be. reversed, and the' cause remanded to the said circuit court, with leave to the plaintiff to make new parties; after wiiich the cause ought to be referred to the master, with instructions to compute, the several sums which.ought to be allowed out of the fund applicable to the education of Bartholomew Henley, Samuel Henley and John Dandridge, in conformity with the will Of Mrs Martha Washington deceased ; on which sqms interest ought to.be. allowed; and also to compute-the sum to which the plaintiff may be entitled, as one of the residuary legatees of the said Martha Washington deceased; pre ide.d the other residuary.legatees be brought before the Court. as parties; on failure to do which, the plaintiff’s bib. is to be dismissed, so far as it claims a pa.rt of the residuary estate,, without prejudice.
 

 This cause, came
 
 on
 
 to be heard on the transcript of the record, from .the circuit court of the United States for the district of Columbia,, .holden in ariit for the county of Alexandria, and was argued '.by counsel; on consideration whereof, this Court is of opinion, that the circuit court erred, in dismissing the. plaintiff’s bill for want of proper parties, aiid that the said decree ought to be reversed. Whereupon it i,s ordered, and decreed by this Court, that the decree of.the
 
 *379
 
 said circuit court in this cause be, and the same is hereby reversed; and this Court doth further order that the said cause be, and the same is hereby remanded to the said circuit court, with directions to give, leave to the plaintiff to make ;new parties, that the proper accounts may be taken in order- to a final decree; in which decree, the plaintiff ought to be allowed interest on the sum-due to him for his education out of the money applicable to that object.