GARRETT H. DE LONG,

*vs.*

EMMA M. WELDIN, Executrix of the Estate of Mary P. Massie, deceased, EMMA M. WELDIN, PAUL C. NAYLOR, LAWRENCE NAYLOR, LEONORE NAYLOR, VIOLA M. BARNDT, CHARLES NAYLOR, HERMAN NAYLOR, SUSANNA FREDD, EMMA MAY FREDD and ETHEL PRICE FISHER.

*New Castle, Mar. 27, 1928.*

*John Biggs, Jr.*, for complainant.

*William S. Hilles* and *Elwood F. Melson*, for defendants.

THE CHANCELLOR. Two objections to the bill are urged by the defendants. These are: First, that the heirs at law of Mary Pauline Massie are improperly joined as defendants; and, second,

the court is without jurisdiction, there being an adequate and complete remedy at law.

1. Upon the question of parties. Mrs. Massie died testate naming in her will as beneficiaries the persons entitled to her estate under the intestacy laws of Delaware. The persons entitled to her estate, which in this case is personalty, are represented by the executrix. In such a case as this their interests are amply guarded by the executrix. Having no interest which requires their presence as a prerequisite for a binding decree and no relief being asked against them, they are not necessary parties. *Brown v. Dawtherwaite*, 1 *Madd.* 446; *Davison v. Rake*, 45 *N. J. Eq.* 767, 18 *A.* 752; *Dandridge v. Washington's Ex'rs*, 2 *Pet.* 370, 7 *L. Ed.* 454; 1 *Daniell's Ch. Pl. & Pr.* 254; 1 *Story's Eq. Pl.* 141–150. The first ground of demurrer is well taken.

2. As to the adequacy of the legal remedy and the consequent lack of jurisdiction of this court. The complainant takes the position that under the facts a trust was created with respect to one-half of the proceeds of sale of Mrs. Massie's real estate in Prince George's county, Maryland, that the money constituting these proceeds is in her estate, easily identifiable, and that under the well-known doctrine by which equity will follow trust property in either its original or converted form, this court has full jurisdiction to grant the relief prayed for by the bill. All the cases cited by the complainant bear upon the point that equity will follow trust property and, so long as it can be identified either in its original or transmuted form, will subject it to the trust. This general proposition is well established and is not contested by the defendants.

The attack which the demurrants make upon the case of the complainant is not upon the point that trust funds may be traced and subjected to the trust, but upon the point that there never was any trust at all with reference to the proceeds in question.

The question therefore is this—can a trust be found adhering to the proceeds of sale derived from Mrs. Massie's real estate? Antedating the trust deed there was an agreement by the terms of which the complainant was to receive one-half of the proceeds derived from the exploitation and sale of the premises subsequently conveyed in trust, and as to the property not sold

during the lifetime of Mrs. Massie the agreement obligated her to cause such action to be taken as would place in the complainant title to one-half thereof. Mrs. Massie was thus under a contractual obligation with respect to the property in whatever form it was, whether in the form of real estate or in the form of cash proceeds derived from sale. If as sales proceeded it was arranged by Mrs. Massie that the cash derived therefrom was to be paid to any trustee, executor, etc., the contract further obligated Mrs. Massie to make an arrangement, in lieu of a testamentary disposition, whereby the complainant should receive the one-half part thereof to which he was entitled.

About a month after the contract was entered into Mrs. Massie joined with the complainant in executing the deed of trust upon which the complainant relies as entitling him to the relief asked for in this cause. The complainant was not a necessary party to the deed of trust in order to pass a good title, for he had no title. All he had was a contract right to be paid compensation for his services. His joinder as grantor in the deed of trust must have been on the theory that it was necessary or at all events advisable in order to put him in a secure position to claim the benefits assured to him by it. I am unable to see how his assumption of the role of a grantor in the deed of trust in itself can argue the existence of any rights in the complainant beyond those appearing in the subsequent language of the instrument itself. This being so, we must turn to the language of the deed in that part of it which defines the trust for an ascertainment of the complainant's rights thereunder. A careful reading of the deed discloses that its trust provisions are without exception confined to the disposition to be made by the trustee of the trust *res* in the form of real estate. The statement at the outset in which a resumé of the deed is given shows that all of its dispositions are of real estate *qua* such. In this regard, the deed is a method of carrying out the prior contractual obligations resting upon Mrs. Massie, namely, that she should cause to be conveyed to the complainant a one-half interest in such of the land as should remain unsold at her death. Every eventuality, so long as the property retains its character of real estate, is met by suitable trust provisions.

But the eventuality which has occurred, viz., the sale of the real estate in the lifetime of the parties and the consequent acquisition of cash therefor, is not provided for in the sense that a trust obligation with respect thereto rests upon the trustee. There is nothing in the deed which gives the trustee the right to receive or the duty to hold, the proceeds. The trustee was denied the right to receive even the rents, issues and profits from the land, his trust with respect to them being simply to permit the complainant and Mrs. Massie to take and apply them for their sole use in equal portions. The possibility of a sale during the joint lives of Mrs. Massie and the complainant is contemplated by the trust deed, but the trustee is allowed no discretion with respect thereto. The trust is, to permit them to sell all or a part of the property at such times, upon such terms and conditions and to such person or persons as they shall determine and in case of any sale the limit of the trustee's function is the formal one of passing the legal title as directed by Mrs. Massie and the complainant. No right is given to the trustee to receive the proceeds and consequently no duty with respect thereto is imposed. The annual rents and profits which, in the absence of a provision to the contrary, would go to the trustee, were by express provision given to the complainant and Mrs. Massie. No similar express provision allowing the complainant and Mrs. Massie to retain the proceeds of sale was necessary for the manifest reason that their right to sell and convey was ample to protect them in this regard.

As I read the trust deed, what the parties sought to accomplish was to provide that all proceeds derived from the property during the joint lives of the complainant and Mrs. Massie, whether from rents and profits or from sales, should belong to them absolutely, free of all trusts; but that so long as the *res* remained in the form of real estate a trust should exist for the protection of the rights of the survivor. It was apparently the thought of the grantors that when money came in while both were alive, their prior agreement was ample for their protection, but that if either should die, the land still remaining unconverted, a trust was desirable as a means of settling all rights.

If this be the true conception of the purpose and meaning

of the trust deed, it is apparent that the proceeds derived from the sale were in no wise subject to the trust. That the parties so considered the matter is manifest from what they did, for the purchase price was neither held by nor paid to the trustee. It was paid or secured to be paid to Mrs. Massie, a circumstance harmonious with the idea that, in the event of sale, the complainant and Mrs. Massie were thereafter operating under the contract—an instrument which the trust deed at no place assumed to abrogate or purported to be a substitute for. The contract and the subsequent trust deed are in no wise conflicting. They may both exist in reconcilable harmony—the one to define rights to proceeds and the other, in case of survivorship, to define rights to unsold real estate.

Now, the event having occurred of there being nothing but money, proceeds derived from a sale by the grantors during the lifetime of both, it is to the contract that we must look and not to the trust deed for the rights of the parties. This being so, all the complainant has is a right of action based on a contract. The demurrants, therefore, are correct in their contention that there is no trust with respect to the proceeds, and therefore the equitable principle of following a trust *res* in converted form has no pertinency in this cause.

There is one allegation in the bill which would seem to indicate that the parties in their conduct regarded the proceeds derived from the sale as subject to the trust. I refer to the allegation in paragraph eight to the effect that in the year 1925 the purchase money mortgagor paid to the trustee $2,160.00 on account of the mortgage. This, however, does not appear to me of important significance for three reasons: First, because it does not clearly appear that the payments were made to the trustee in his right as such; second, if they were paid to the trustee as such, the act of payment was the act of the mortgagor, not of the grantors in the trust deed; and, third, the bill in its seventh paragraph alleges that the trustee was acting in the further capacity of attorney in fact for Mrs. Massie to whom (paragraph eight) he turned over the payments thus made to him.

An order will be entered sustaining the demurrer on both of the grounds urged by the defendants.