MARY ASHTON POOLE,

*vs.*

EDNA C. BETTS, Administratrix of Watson K. Betts, deceased, and THE NATIONAL BANK OF DELAWARE, AT WILMINGTON, a corporation of the United States of America.

*New Castle, June 24, 1931.*

16

18

*David J. Reinhardt*, for complainant.

*George C. Hering, Jr.*, for Alonzo Tweedale, receiver of Peoples National Bank, at Middletown, the intervenor.

*Charles F. Richards*, for National Bank of Delaware, at Wilmington.

THE CHANCELLOR: The complainant did not move to vacate the order permitting the receiver of the Middletown bank to intervene within the five day period allowed by the order. After the cause was heard on bill, answers and stipulation, and while I held it under advisement, the so-

licitor for the complainant, prompted by an inquiry upon my part as to the propriety of the intervention, moved for a vacation of the order.

I entertain no doubt upon the proposition that the order should not have been entered. The administratrix sustains the person of the intestate and defends the estate for creditors and legatees. *DeLong v. Weldin, Exr.*, 16 *Del. Ch.* 97, 141 *A.* 223; *Wiser v. Blachly*, 1 *Johns. Ch.* (*N. Y.*) 438; *Coster v. Clarke*, 3 *Edw. Ch.* (*N. Y.*) 428; *Dandridge v. Washington*, 2 *Pet.* 377, 7 *L. Ed.* 454. A simple creditor with no specific right or equity in his favor is not entitled to elbow himself into a controversy over another's claim against his debtor's estate and either oust from, or share with, the personal representative the duty of defending against the claim. If one creditor could do this, so could another, to the utter confusion of litigation. In 123 *Am. St. Rep., page* 305, the following extract from an elaborate and valuable note is to be found:

"The case of a creditor who has no lien for the security of his debt and has not reduced it to judgment, forms the most frequent illustration of a third person who may gain or lose by a judgment between others and yet whose gain or loss is of so indirect a character that it cannot entitle him to intervention." (Citing many authorities.)

If Betts himself were alive and the defendant in this cause, certainly the receiver would not be entitled to intervene. *Postal Tel. Cable Co. v. Snowden*, 68 *Md.* 118, 12 *A.* 549; *In re Printup*, 87 *Ala.* 148, 6 *So.* 418; *Wightman v. Evanson Yaryan Co., et al.*, 217 *Ill.* 371, 75 *N. E.* 502, 108 *Am. St. Rep.* 258, 3 *Ann. Cas.* 1089. The receiver has no greater right simply because Betts' personal representative stands in his place. In *Ehrenstrom v. Phillips*, 9 *Del. Ch.* 74, 77 *A.* 80, the Chancellor noted two exceptions to the rule against intervention by third persons as defendants without the consent of the complainant. One is where a person is interested in a fund which is being administered by the court, and the other is in the case of

a *cestui que trust*. This case falls in neither of those classes. There may be other exceptions to the rule in addition to the two noted by Chancellor Curtis in the cited case, such for instance as fraud and collusion between the parties litigant prejudicial to the rights of a third person. This case however presents no aspect of that character; nor does it disclose anything else of a special nature peculiar to the intervenor which can be laid hold of to except him from the general rule.

The intervention was unjustified. Does the fact that the complainant interposed no objection until now, serve to save it? I think not. There is power in the court to vacate an order permitting intervention where it has been imprudently entered. *Grand Rapids v. Consumers Power Co.*, 216 *Mich.* 409, 185 *N. W.* 852; *Harlan v. Eureka Mining Co.*, 10 *Nev.* 92. In the latter case an order admitting an intervenor who had been admitted as a defendant without objection, was vacated after proofs had been taken on the issues raised by the intervenor. In the cases cited by the solicitor for the intervenor which seem to bear on the point, it appeared that the intervenor had a direct interest of some kind in the subject matter of the suit; whereas in this cause whatever interest the intervenor can have is indirect and at the most only consequential. His sole claim is to keep the complainant from enjoying an equitable lien upon funds in the estate to the end that the estate might have more of cash for payment of general creditors of whom the intervenor claims to be one (though I find nowhere in the record an admission or proof that the intervenor is a creditor). Such an interest, so far as my investigation discloses, has been nowhere recognized as sufficiently connected with the subject matter of a suit by a claimant against a personal representative as to warrant its presentation by way of intervention.

The motion to vacate will be granted.

The granting of the motion leaves the case for final hearing on the bill and the answer of the administratrix.

The case so made shows that Betts borrowed the complainant's bonds for the purpose of using them as collateral to secure personal loans which he proposed to negotiate, and he engaged "to assign $15,000 life insurance" to the complainant, the "assignment to be kept in effect until securities are returned." Such was the language of his written receipt for the bonds. The receipt does not specify what particular insurance he was to assign, and so it may be argued that it is impossible to identify any particular insurance out of the total of twenty-four thousand dollars which Betts obligated himself to transfer and upon which the complainant is entitled to impress an equitable lien. At the time, he had taken out policies on his life in the total amount of twenty-four thousand dollars, of which eight thousand dollars was payable to his wife as beneficiary, and sixteen thousand dollars was made payable to his estate. He had the right to change the beneficiary in each of the policies. It would hardly do to assume however that Betts contemplated that the insurance which his receipt referred to was in part the insurance covered by the policies in which his wife was named as beneficiary. Even if he could have substituted himself or his estate as the beneficiary in lieu of his wife and thus put himself in position to assign, he did not do so. Not having done so, it was impossible for him to assign those policies. But two of the policies in which Mrs. Betts was named as beneficiary ($7,000.00) had prior to the transaction of Betts with the complainant been assigned to the insuring company as collateral for loans, and according to their provisions a change of beneficiary was permissible only in case there had been no assignment of the policies. It would therefore appear that as to seven thousand dollars of the eight thousand dollars insurance payable to Betts' wife as beneficiary, it was impossible for him to effect a change of beneficiary and thus put them in shape for assignment to the complainant. If the foregoing circumstances do not indicate with convincing persuasiveness

that the general expression "$15,000 life insurance" found in Betts' receipt was meant by him to refer to insurance made payable to his own estate and over which he had complete freedom of control for assignment purposes, and could not have had any reference also to the eight thousand dollars of insurance made payable to his wife (a question which I do not decide), the allegation of the bill which is admitted by the answer of the administratrix renders the matter certain; for the bill alleges and the answer admits that the insurance which Betts was to assign was "certain life insurance policies then belonging to him and covering his life, to the aggregate of $15,000." This admission renders certain any indefiniteness in the general language of the receipt and shows that the intent of the parties was that fifteen thousand dollars of insurance in the name of Betts, belonging to him, was to be assigned out of the total insurance then standing in his own name. Where such was the intent of the parties, and the total insurance has since been turned into cash, an equitable lien exists upon the entire proceeds to the extent of the amount agreed upon to be assigned. *McDonald, et al., v. Daskam, et al.,* (*C. C. A.*) 116 *F.* 276. The fact, if it be a fact that the administratrix has mingled the proceeds of the policies with the general cash of the estate so that the exact identity of the proceeds has been lost, is of no moment, for the administratrix is in possession of the amount. *Curran v. Smith-Zollinger Co.,* 17 *Del. Ch.* 187, 151 *A.* 217.

The delay of the complainant in not compelling Betts in his life time to assign the insurance as agreed prejudiced no other person. There is therefore no ground for a contention of laches.

In the foregoing, I have, notwithstanding the intervenor was improperly before the court, nevertheless taken notice of the principal contentions made by him and briefly stated my views with respect to them in the light of the pleadings between the complainant and the administratrix.

Order on the motion and decree on the bill and answer, in accordance with the foregoing.