78 A.2d 473 (1951)
TAORMINA et al.
v.
TAORMINA CORP. et al.
Court of Chancery of Delaware, New Castle.
February 7, 1951.
William S. Potter and James L. Latchum, of Southerland, Berl & Potter, Wilmington, for plaintiffs.
Josiah Marvel, Jr., of Logan, Marvel & Boggs, Wilmington, for defendants.
*474 WOLCOTT, Chancellor.
On a motion to dismiss, the facts alleged in the complaint are taken to be true. They are hereafter briefly stated:
Taormina Corporation, a Delaware corporation, (hereinafter called the "Corporation") was organized in 1935 and carried on the business of canning foods. It conducted a profitable operation and built up widespread public good will for its products under various trade names and brands.
Calogero Taormina was a stockholder and active in the development of the Corporation. He was a naturalized citizen of the United States. In 1939, after a serious illness, he returned to Italy and was there at the outbreak of World War II. He died in Italy in 1946 without having returned to the United States. After his death, his Will, dated November 25, 1935 and executed in the State of Mississippi, was probated under the law of Italy and his widow, Rosa Maggio Taormina, duly appointed executrix. By his Will, he left all his property equally to his widow and son. He specifically referred to other provisions made by him in his lifetime for his daughter by a former marriage, Rosillo Compagno, and disinherited her from any interest in his estate.
Rosa Maggio Taormina, executrix, appointed Samuel Miles Fink her attorney-in-fact and, in 1950, he was appointed ancillary administrator in Delaware of the estate of Calogero Taormina.
At the time of his death, Calogero Taormina was the registered owner of 498 shares of stock of the Corporation, and had been a stockholder of the Corporation since October 1, 1935 continuously to the time of his death.
On April 1, 1944, the individual defendants owning all the stock of the Corporation with the exception of the shares registered in the name of Calogero Taormina *475 formed a copartnership under the firm name of Taormina Company (hereinafter referred to as the "Company") in which each of the individual defendants owned an interest proportionate to his or her stock ownership in the Corporation. The Company thereafter engaged in the food canning business at Donna, Texas, the site of the main plant of the Corporation.
The individual defendants, being the officers and directors of the Corporation, and all the stockholders with the exception of Calogero Taormina, on or about April 1, 1944, caused to be transferred to the Company all the assets and good will of the Corporation except for certain real estate and machinery located at Donna, Texas. The food canning and processing business built up and developed by the Corporation was thereafter continued and conducted by the Company under the same trade names and brands, with the same plants and warehouses, and with the same managing personnel and employees.
The individual defendants caused the assets of the Corporation to be transferred to the Company for inadequate consideration, and caused the real estate and machinery of the Corporation to be leased to the Company for a wholly inadequate yearly rental. They entered into a conspiracy as above stated to appropriate the going successful business of the Corporation and to deprive it of further profits from the operation of said business to their personal profit.
The complaint charges with respect to the actions of the individual defendants who were stockholders and officers of the Corporation that, as a result of a breach of their fiduciary duty, they unjustly profited themselves at the expense of the Corporation and the only stockholder who did not participate in the conspiracy.
The suit is brought by the executrix and ancillary administrator of the estate of Calogero Taormina, deceased, upon whom it is asserted title to his stock has descended by operation of law. The complaint asserts that the action is brought as a class action under Rule 23 on their behalf and on behalf of all other stockholders of the Corporation similarly situated.
The complaint prays that the stock of the Corporation standing in the names of the individual defendants be sequestered; that the individual defendants be directed to account for all profits made by the Company since April 1, 1944; that the individual defendants be directed to account for all sums of money misappropriated by them in that connection; and that the plaintiffs may have such further relief as may seem just.
The individual defendants in support of their motion to dismiss seek to establish that Rosillo Compagno, the daughter by the prior marriage of Calogero Taormina, is an indispensable party-plaintiff and that, since she has not joined in the suit, the complaint must be dismissed. Their first point is that this action is not a derivative stockholder's suit but is an action to recover for injuries done by the individual defendants to Calogero Taormina as an individual stockholder. Thus, it is argued, all co-owners of the stock registered in his name are necessary parties to the suit. It is argued that the law of Italy governs the disposition of his estate and that under that law Rosillo Compagno has a joint and non-severable interest in the stock in question and is therefore an indispensable party to an action concerning the stock.
Generally a cause of action belonging to a corporation can be asserted only by the corporation. However, whenever a corporation possesses a cause of action which it either refuses to assert or, by reason of circumstances, is unable to assert, equity will permit a stockholder to sue in his own name for the benefit of the corporation solely for the purpose of preventing injustice when it is apparent that the corporation's rights would not be protected otherwise. Sohland v. Baker, 15 Del.Ch. 431, 141 A. 277, 58 A.L.R. 693. Fleer v. Frank H. Fleer Corporation, 14 Del.Ch. 277, 125 A. 411.
The defendants contend that the allegations of the complaint in the instant case demonstrate that it is in fact an action brought to redress a wrong done to Calogero Taormina as an individual stockholder of the Corporation. They contend that the cause of action sought to be enforced is based upon the withholding by the individual *476 defendants from Calogero Taormina of a share of the profits obtained from the business conducted by the Company. In substance the arguments seek to fasten upon the plaintiffs the contention that Calogero Taormina had a legal right to a share in profits illegally withheld from the Corporation and thus make him an unwilling partner in the alleged conspiracy. The argument is based upon allegations in the complaint to the effect that the actions of the individual defendants deprived Calogero Taormina of his rightful share of corporate profits and gains.
The allegations to the effect that the individual defendants fraudulently used their fiduciary position to utilize corporate assets for their personal gain by depriving the Corporation of the opportunity to continue in its business; used the assets of the corporation to promote the business of the Company; caused the Corporation to take a course of conduct resulting in personal gain and profit to themselves; concealed from the Corporation and its minority stockholders business opportunities which were available to the Corporation; fraudulently caused the Corporation to withdraw from its business; and permitted the Company to use the Corporation's trade names and good will for the financial gain of the Company, clearly indicate that the matters complained of are primarily injuries to the Corporation.
It is true that Calogero Taormina as a minority stockholder suffered financial loss by being deprived of his rightful share as a stockholder of corporate profits, but this is true of most derivative actions. If the argument of the defendants is to be accepted, it would mean that no derivative action could be maintained by a stockholder to redress corporate wrongs if those wrongs had resulted in loss to the value of his stockholdings.
The defendants argue that the only stockholder who can have been injured as a result of the action of the individual defendants is Calogero Taormina for the reason that he is the only stockholder of the corporation who did not participate in the course of action instigated by the individual defendants. They argue that the injury was to him individually and that he must bring suit in his own name for the redress of these wrongs.
The argument ignores the fundamental basis of a derivative stockholder's action which is to enforce a corporate right. To make this argument, the defendants impliedly recognize that a wrong has been done the corporation but argue that because of the peculiar stock ownership of this Corporation, it has been transformed into an individual action to be brought by a minority stockholder.
I cannot reconcile this argument with the language of the Supreme Court in Keenan v. Eshleman, 23 Del.Ch. 234, 2 A.2d 904, 912, 120 A.L.R. 227, when it was said: "It is true that the benefit of an action brought by a corporation, or a derivative action on its behalf, necessarily results to all of the shareholders equally, even when some of them have been wrongdoers, or have by acquiescence, or ratification, forfeited their equitable claims to redress; but the best method to work out the rights of the parties in a case of this kind is to preserve the fiction of corporate entity. If the misappropriation is to be regarded as a fund for a dividend in which the dissenting stockholders are to share, the result is a subterfuge, and in most cases, violative of equity. It is an old saying that one should be just before being generous, and this common sense truth is especially applicable to stockholders who, for one reason or another, are willing to condone a wrong done to their corporation and themselves. They cannot be generous with the corporation's money. They, of course, may be as generous as they please when the money has become their own."
The relief to be obtained in a derivative action is relief to the corporation in which all stockholders, whether guilty or innocent of the wrongs complained of, shall share indirectly. Indeed, it is doubtful whether the result would be different even if the suing stockholder owned all of the stock of the wronged corporation. Cf. Brodsky v. Frank, 342 Ill. 110, 173 N.E. 775.
*477 I conclude, therefore, that the pending action is a derivative action brought by the plaintiffs to enforce a cause of action owned by the Corporation.
The defendants further argue that even though the present action be held to be a derivative action, still an indispensable party-plaintiff is absent and, therefore, the action should be dismissed. This argument is based upon the contention that the law of Italy governs the descent of title to the stock of Calogero Taormina. The defendants argue that under the law of Italy, the child of the testator by a former marriage is a co-owner of these shares and that, upon death, title to personal property descends immediately to the heirs so that a personal representative has no title to the decedent's personal property sufficient to bring suit in connection with it.
The argument in effect attacks the status of the plaintiffs as stockholders of the Corporation without which status, of course, a derivative action may not be maintained.
The argument is based upon the alleged Italian domicile of Calogero Taormina. The facts, in so far as they appear in the record now before me, are that the testator, a naturalized citizen of and domiciled in the United States, went to Italy some time in 1939 after a serious illness and died there in 1946. There is little more than this circumstance to support the argument that he died domiciled in Italy.
The question of domicile is one of law based on fact. The acquirement of a new domicile and the abandonment of an old depends upon the acquisition of a dwelling place with the intention to make that place home. There must be an actual abandonment of the former domicile and the acquisition of a new dwelling place with the intention to make that home in order to acquire a new domicile. The mere absence from one's place of residence for a long period of time on business, pleasure, reasons of health, or other special purposes will not result in the abandonment of a former domicile and the acquisition of a new one of choice. There must be some proof of other facts from which the necessary intent can be implied. New York Trust Co. v. Riley, 24 Del.Ch. 354, 16 A.2d 772, Restatement, Conflict of Laws, §§ 15 (2), 18, 22, 23.
Whenever a party relies upon a change of domicile to his advantage, the burden of proving the change by the fair preponderance of the evidence rests upon him. New York Trust Co. v. Riley, supra. The defendants in the instant case have failed to sustain that burden. There is little more in the record before me except the fact of Calogero Taormina's residence in Italy. The only explanation of this Italian residence is the fact of his ill health. This does not seem to me to be sufficient to accomplish the acquisition of a new domicile of choice.
The defendants point out that after the testator's death in Italy a death certificate was filed in the office of Vital Statistics, Commune of Partanna, in which it is recited that the testator was "domiciled" in Italy. In the absence of any further showing, however, the conclusion of law of a probably minor official in an Italian Bureau should not be held to be conclusive upon the establishment of an issue in this court.
The present record is not sufficient to justify the conclusion that the testator was domiciled in Italy at the time of his death. This being so, I do not have to consider the applicability of a rule of conflicts which would refer the validity of the Will of Calogero Taormina to the Italian law. There being no proof of any other law applicable to the title of the plaintiffs to the stock in question, it must be assumed that the law of Delaware applies.
I do not think the point needs to be labored that personal representatives have sufficient title to personal property to bring suit in connection with that property and, in doing so, represent the beneficiaries under a Will. De Long v. Weldin, 16 Del.Ch. 97, 141 A. 223; North v. Ringling, 187 Misc. 621, 63 N.Y.S.2d 135. The plaintiffs are therefore stockholders in the sense that they can maintain a derivative action for the benefit of the corporation.
*478 The last point raised by the individual defendants in support of their motion to dismiss is that the present suit is barred by laches. The facts are that Calogero Taormina died in 1946 without knowledge of the matters complained of; that the individual defendants concealed the various matters complained of; and that the plaintiffs or their predecessor never had any notice of the facts complained of. In so far as the present motion is concerned, it does not seem to me that any undue delay in the assertion of whatever rights there may be against the individual defendants has taken place and that, accordingly, the suit is not barred by laches.
An order may be submitted on notice.