ANNIE S. KRUEGER, *et al.*, v. ACME FRUIT COMPANY.

176 So. 437.

Opinion Filed December 31, 1936.

On Rehearing October 28, 1937.

*Carroll Dunscombe,* for Appellants;
*Russell Snow,* for Appellee.

PER CURIAM.—On July 6, 1935, Annie S. Krueger, George P. Krueger and wife Elnora M. Krueger, filed a creditors' bill in the Circuit Court of Brevard County, Florida, against Acme Fruit Company, a Florida corporation. Numerous pleadings were filed, not necessary to be mentioned here.

On February 27, 1936, Trueman Fertilizer Company filed petition to be allowed to intervene in this suit. No order was made allowing the petitioner to intervene. The original bill of complaint and the first and second amended bill of complaint were dismissed on motion. The latter of such orders being entered on March 31, 1936, was as follows:

"This cause coming on this day to be heard upon the *motion of the defendant to dismiss the second amended* bill of complaint filed by the plaintiffs herein, and the court having heard arguments of counsel for the respective parties, and being fully advised in the premises; in consideration thereof,

"IT IS ORDERED, ADJUDGED AND DECREED that the said motion to dismiss be, and the same is hereby sustained, and the said second amended bill of complaint is hereby dismissed, at the cost of the plaintiffs. Exception noted for plaintiffs.

"DONE AND ORDERED in Chambers at Titusville, Florida, this 31st day of March, A. D. 1936."

From that order Trueman Fertilizer Company filed notice of appeal, the same being entered August 26, 1936. In the meantime, the Chancellor had on the 27th day of June, 1936, entered the following order:

"Upon the application of Annie E., Elnora M., and George P. Krueger, plaintiffs in the above styled cause, and

it being made to appear to the court that satisfactory settlement of their claim has been made, it is therefore,

"ORDERED, ADJUDGED AND DECREED that the aforesaid bill be dismissed with prejudice as to these plaintiffs.

"DONE AND ORDERED this 27th day of June, 1936."

On the 25th day of August, 1936, an order was made *nunc pro tunc* as of the 25th day of July, 1936, denying motion for rehearing which had been filed on April 17, 1936. So it appears from the record here that Trueman Fertilizer Company became a party to the suit in the court below only as a petitioner to intervene.

The petition of Trueman Fertilizer Company to intervene so far as the record shows, never came to the attention of the court and was never acted upon.

The notice of appeal is on the part of Trueman Fertilizer Company only.

Trueman Fertilizer Company, having filed its petition for intervention in which it was shown that petitioner claimed rights which could and should be adjudicated under the provisions of Sec. 43, Chapter 10096, Acts of 1925, Sec. 6569, C. G. L., in this suit, which was a class suit, it became the duty of the court to consider and act upon the petition. The filing of such petition is the exercise of a matter of right and is not dependent on leave of court. Minot v. Martin, 95 Fed. 734; Toler, *et al.,* v. East Tenn. V. & G. Ry. Co., *et al.,* 67 Fed. 168.

The record shows that at the time of the appeal the original complainants had no interest in the litigation as their claims had been settled. Therefore, the appellant, being the only party aggrieved by the order dismissing the cause, was entitled to enter its separate appeal. Berns v. Harrison, 100 Fla. 1105, 131 Sou. 654; Rabinowitz v. Houk, 100 Fla. 44, 129 Sou. 501.

The order appealed from should be reversed insofar as it affected the rights of the Trueman Fertilizer Company, with directions that the case be returned to the rolls for further pleadings and adjudication of questions which may be presented in due course by issues made between intervenor and the defendant.

So ordered.

Reversed and remanded.

WHITFIELD, C. J., and TERRELL, BROWN, BUFORD, and DAVIS, J. J., concur.

### ON REHEARING.

PER CURIAM.—Subsequent to the filing of our opinion and judgment herein on December 31, 1936, a rehearing was granted.

Additional briefs have been filed and the cause argued before this Court by counsel for the respective parties. We did not determine or purport to determine the merits of the contention of Trueman Fertilizer Company but only held that under the showing made Trueman Fertilizer Company was entitled to intervene in a class suit and to have the judgment of the Chancellor on the merits of its contention. The suit was dismissed without Trueman Fertilizer Company having been given an opportunity to intervene and be heard. This was the part of the Order that we reversed and we now adhere to the judgment then entered.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.