The Riviera Club v. Belle Mead Development Corporation and The Rio Vista Hotel & Improvement Company, The Southern Standard Abstract Company, as Trustee, City of Ormond, Mortgage & Securities Company, H. L. Post, and Walter C. Hardesty.

194 So. 783
Division B
Opinion Filed December 15, 1939
Rehearing Denied April 3, 1940

*Walter C. Hardesty, Jr.,* for Appellant;

*Hull, Landis & Whitchair, Francis P. Whitehair* and *B. F. Brass,* for Appellees.

BROWN, J.—This is the second appearance of this case here. See Rio Vista Hotel & Imp. Co. v. Belle Mead Development Corporation, *et al.,* 132 Fla. 88, 182 So. 417. The facts therein stated that are pertinent to a proper disposition of this case are as follows:

In April, 1934, The Belle Meade Development Corporation instituted suit to foreclose certain tax sale certificates issued by the Town of Ormond for the non-payment of taxes assessed and levied by the Town against the property involved in this suit, for the years 1925, 1926 and 1927. Complainant had purchased the tax certificates from the Town of Ormond in October, 1931. The bill of complaint filed in this suit also set out certain tax sale certificates held by one H. L. Post and a water assessment lien held by the City of Ormond. All other present appellees were named defendants in the original action. Decrees *pro confesso* were entered against H. L. Post and Mortgage Securities Co. The City of Ormond answered, admitting ownership of the water assessment lien as alleged but denied the priority of complainant's lien over their own. The defendants Rio Vista Hotel & Imp. Co., The Standard Abstract Co. and Walter C. Hardesty filed an answer admitting the ownership of the property as alleged but attacking the validity of the tax sale certificates on various grounds. These special defenses were stricken by an order of the Court and an appeal was taken. The ruling of the lower court was affirmed by this Court on the grounds of laches, waiver and estoppel. See Rio Vista Hotel & Imp. Co. v. Belle Mead Dev. Corp., *et al., supra.*

In conformity with our mandate of July 25, 1938, motion was made for a reference to a special examiner, which, by order of court, was done on August 4, 1938. On August 11, 1938, The Riviera Club, appellant herein, filed its petition for intervention.

The petition, among other things, set forth that appellant was in actual occupancy of the premises under a recorded lease; that by the terms of the lease it was the duty of the petitioners to pay taxes against the property; that this Court had held the tax sale certificates to be enforceable; that the taxes for the years 1931 to 1937, inclusive, had not been paid and that the intervenor desired to litigate and have settled the liability on all the unpaid tax liens on the property. The petition ended with a prayer that appellant be allowed to intervene and file its attached answer, the said answer containing a lengthy attack on the validity of the taxes assessed and levied for the years 1925 to 1937, inclusive.

By order of court, dated August 12, 1938, the chancellor denied the petition for intervention, without prejudice. The present appeal is taken from the last cited order.

In disposing of this case, it is necessary to consider only one principle of law, which is well founded and has been previously settled in this jurisdiction; namely, that an intervenor must accept the pleadings of a case as he finds them, —he will not be heard to raise new matters or issues not embodied in the original suit, *unless otherwise ordered by the court in its discretion.*

Upon examination of the bill of complaint, it is readily noted that the only matters presented therein are the foreclosure of the tax sale certificates for the years 1925, 1926 and 1927, held by complainant; the tax sale certificates for the years 1928 and 1929, held by H. L. Post; and the water assessment lien held by the City of Ormond. The

answer of the appellant, attached to its petition of intervention, sought to bring into the cause not only the matters just above mentioned but also the tax certificates for the years 1931 to 1937, inclusive.

While it is the better practice to adjudicate all unsatisfied tax liens at the same time and clear the title of all tax liens, such procedure is not mandatory. In the case of City of Bradenton v. Lee, 120 Fla. 100, 102, 162 South. Rep. 139, this Court said:

"In order to avoid litigation, the holder of a tax sale certificate may bring a foreclosure suit to have all unsatisfied tax liens adjudicated and the title cleared of all matured tax liens, but such procedure is not mandatory. They may be cleared piecemeal, if desired."

The appellant, The Riviera Club, was bound by the record, as it was at the time of its petition for intervention, by the pleadings as they were framed at that time, and by the issues and matters involved therein and sought to be adjudicated thereby. It was required to take the suit as it found it, and could not, by its petition to intervene, inject or raise new or independent matters or issues in its own behalf against the City of Ormond, one of the defendants. In 21 C. J. 343, it is stated:

"The courts have always striven to maintain the integrity of the issues raised by the original pleadings, and to keep newly admitted parties within the scope of the original suit. A stranger cannot intervene for the purpose of litigating with plaintiff his right or title to any relief, nor for the purpose of defeating the entire suit. The injection of an independent controversy by intervention is improper. If a person desires to set up a new and independent claim to the subject matter of the suit it must be done by an original bill; it cannot be done by an intervening petition." Likewise:

"An intervenor must abide by the pleadings as he finds them at the time of his entry; he cannot be heard to raise any new issue." 21 C. J. 347.

This Court has approved and adopted the principle of law as set out in the above quoted section of Corpus Juris. In the case of Ebersbach Const. Co. v. Charles Ringling Co., 100 Fla. 1270, 1274, 131 South. Rep. 148, it was said:

"In 21 C. J., page 346, the author states the law in regard to intervention as applicable here to be as follows: 'An intervening party must be reckoned with in any final disposition of the cause; he becomes bound by the decree and may appeal. An intervenor must abide by the pleadings as he finds them at the time of his entry; he can not be heard to raise any new issue.'"

And further, in the case of Krouse v. Palmer, et al., 131 Fla. 444, 447, 179 South. Rep. 762, 763, we reiterated the same rule in the following language:

"The law is settled that an intervenor is bound by the record made at the time he intervenes and must take the suit as he finds it. *He cannot contest the plaintiff's claim against the defendant, but is limited to an assertion of his right to the res.* He cannot challenge sufficiency of the pleadings or the propriety of the procedure, *nor can he* move to dismiss or *delay the cause without permission of the chancellor."* (Emphasis supplied.)

The appellant contends that, under Section 9 of the 1931 Chancery Act (Chapter 14658, Acts of 1931, Section 4918 [2], Perm. Supp. to C. G. L.) it may intervene "as a matter of right." Section 9, *supra,* provides:

"Anyone claiming an interest in the litigation may at any time be permitted to assert his right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding, unless otherwise ordered by the court in its discretion."

In conformity with the law as promulgated in this statute, we have repeatedly held that intervention, by any interested party, is a matter of right and not dependent upon leave of court. Bancroft v. Allen, 128 Fla. 14, 174 South. Rep. 749; Fruger v. Acme Fruit Co., 129 Fla. 107, 176 South. Rep. 437. However, we again direct attention to what has already been stated in this opinion relative to the status of an intervenor's rights with regard to the pleadings, matters and issues already involved in the suit. We would like also to point out the fact that the Act provides that "the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding, unless otherwise ordered by the court in its discretion."

In seeking to avoid that part of the statute last quoted, the apellant maintains that its rights are superior to those of the complainant, holder of the tax sale certificates, and the other parties litigant. To this view we cannot accede. Any and all vested rights, whether the interest be fee-simple or that of a mortgagee, vested remainderman or lessee for a term, must yield alike to the sovereign taxing power when exercised to impose proper and lawful taxes. Gailey v. Robertson, et al., 98 Fla. 176, 123 South. Rep. 692. Liens of tax certificates are superior to all other liens or property interests except those of like character, created by the issuance of other tax certificates subject, of course, to the right of redemption by the proper parties. King Lumber & Mfg. Co. v. State, 106 Fla. 680, 143 South. Rep. 616.

The denial of this petition by the chancellor, without prejudice, has in no manner deprived the appellant of its right to protect any interest that it may have in the *res*. Petitioner is still at liberty to file a new and original bill to have its rights and liabilities determined.

We have made a thorough study of the rest of the record and the briefs presented in this case, as well as

other questions presented by counsel, and can find no reversible error.

We are, therefore, of the opinion that the order of the lower court should be, and the same is hereby—

Affirmed.

WHITFIELD, P. J., and CHAPMAN, J., concur.

BUFORD, J., concurs in opinion and judgment.

Justices TERRELL and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.