198

## OCEAN PRODUCTS, Inc. v. SCHLEMAN, Tax Collector, et al.
### No. 135562-C.

Circuit Court, Hillsborough County.

September 4, 1964.

J. Danforth Browne of Macfarlane, Ferguson, Allison & Kelly, Tampa, for plaintiff.

Robert S. Edwards of Liles, Edwards & Goodrich, Plant City, McLean & McLean, Tampa, and Robert W. Patton, Tampa, for defendants Schleman, Walden and Green.

Thomas C. MacDonald, Jr. of Shackleford, Farrior, Stallings, Glos & Evans, Tampa, for defendant Tampa Port Authority.

Richard W. Reeves of Allen, Dell, Frank & Trinkle, Tampa, for the Pure Oil Co., intervenor.

JOHN G. HODGES, Circuit Judge.

*Opinion, interlocutory order denying motions for judgment or decree on the pleadings and motions to strike, and pre-trial order:* This cause came on to be heard on July 29, 1964, on all pending motions including motion to strike and motion for judgment or decree on the pleadings filed by the defendant, counterclaimant and cross-claimant, Tampa Port Authority (hereafter called "port authority"), and the motion for judgment or decree on the pleadings filed by the defendants R. R. Walden, as tax assessor, Anthony Schleman, as tax collector, and Ray E. Green, as comptroller of the state of Florida (hereafter for description alone called "the county"). During the course of the hearing the county further moved the court orally for leave to file an additional defense setting forth the defense of res adjudicata. Counsel for the remaining parties agreed that such additional defense could be filed without prejudice to positions of their clients on the merits of such defense.

This cause is at issue on the claims set forth in the complaint of the plaintiff Ocean Products, Inc., as amended, wherein it seeks a declaration that certain ad valorem real property taxes described in the complaint, as amended, be declared invalid by reason of the fact that the lands assessed are owned by the port authority and thereby exempt or immune from such taxation, or in the alternative a declaration that, pursuant to the terms of its lease with the port authority described in the complaint, responsibility for payment of such taxes is that of the port authority. By motion to intervene the Pure Oil Company seeks essentially the same relief as to taxes described in such petition.

The port authority through its answer is in agreement as to the claims of the plaintiff and intervenor that the lands are exempt or immune from taxation, but in the alternative it claims that if the taxes are properly levied they are the sole responsibility of the plaintiff and intervenor under their respective leases. Further by preliminary motion to dismiss, which was denied, and by subsequent answer, inter alia, the port authority contends that the plaintiff is barred by the applicable statute of limitations, section 19, chapter 23338, Laws of Florida, 1945, from asserting any claim against the port authority for the payment of the taxes described in the complaint as amended; that timely notice of said claim was not filed as required by law and that the equitable relief sought by the plaintiff and intervenor is barred by the doctrine of laches. The port authority further by cross-claim seeks in effect a declaration of immunity of its property and in the alternative a mandatory injunction pursuant to section 192.62 (4), Florida Statutes, directing that collection

efforts by the county be restricted to the personal property of the plaintiff and intervenor. Said cross-claim encompasses not only the property involved in this litigation but all other property of the authority upon which the county is endeavoring to levy a tax.

By answer the county in essence claims the tax is validly imposed pursuant to section 192.62 (1), Florida Statutes, and pursuant to the decision of the District Court of Appeal, Second District, in Illinois Grain Corporation v. Schleman, 144 So. 2d. 329 (DCA Fla. 2d. 1962), which it insists determined that lands owned by the port authority were held, occupied and used exclusively by the lessee for its business purposes and therefore were not exempt from taxation, and by amendment has further set forth that this matter is res adjudicata pursuant to earlier order of this court. The answer of the county concedes, as have its counsel before this court, that insofar as the county is concerned, pursuant to section 192.63 (4), the taxes are a debt due and owing by the tenant Ocean Products, Inc. and not by the port authority.

This court has, by injunction, temporarily restrained the county from selling any tax certificates for non-payment by the plaintiff and intervenor of the tax bills as identified and described in the pleadings for the years 1957 through 1963, pending a final determination of this suit or until the temporary injunctive orders so entered are rescinded or modified by further order of this court.

At the outset the court was confronted with the principal question whether the properties are immune or exempt from taxation. In Park-N-Shop, Inc. v. Sparkman, 99 So. 2d. 571 (Fla. 1958), the Supreme Court of Florida clearly held that land owned by Hillsborough County was *immune* from taxation. The county in fact concedes here that the lands taxed here may not be sold to collect the taxes and the court sees no distinction between the lands involved in Park-N-Shop and those involved here. It therefore becomes necessary to reconcile the holding in Park-N-Shop with that of the District Court of Appeal in Illinois Grain Corporation v. Schleman, supra, which although not citing the Park-N-Shop case, held that land owned by the port authority was not exempt from taxation once it was leased and used for commercial purposes by Illinois Grain Corporation, notwithstanding language of exemption in section 20, chapter 23338, Laws of Florida, 1945, the special act creating the Hillsborough County Port Authority.

The plaintiff and intervenor and the port authority argue that the Illinois Grain Corporation case was either incorrectly decided or can be distinguished on a number of suggested theories so as to preclude its application here, or in the alternative they argue that section 192.62 (2), Florida Statutes, which apparently was not considered by the court in Illinois Grain, precludes application of that case here. It is, however, the opinion of the court that the results in Park-N-Shop and Illinois Grain can be reconciled to sustain the imposition of the tax here by recognizing that regardless of the manner in which the tax levy was prepared, or addressed, in law and in fact it is a tax upon the leasehold interest in real estate of the plaintiff and the intervenor. The court appreciates that in Park-N-Shop the Supreme Court of Florida made the following statement at 99 So. 2d 574 —

"In our examination of the tax statutes we have not found provisions for the specific assessment of the lessees' interest and we have been referred to none, although we are not conscious of any reason why the legislature could not set up machinery for that purpose in situations such as that presented in this case, but we are satisfied that the interests of lessees are neither tangible nor intangible personal property as presently defined."

However, the effort in Park-N-Shop was to tax the leasehold interest there involved as personal property and not real property. Therefore, the actual holding of Park-N-Shop is that a leasehold interest cannot be taxed as personal property, either tangible or intangible. It is true that in the first appearance of the Illinois Grain case in the District Court of Appeal (Illinois Grain Corporation v. Schleman, 114 So. 2d. 307 (DCA Fla. 2d 1959), the court at 114 So. 2d. 310 seemingly gave a somewhat broader construction of the Park-N-Shop case, but the court is convinced that the distinction it draws is valid and constitutes the only basis for bringing into complete harmony the decisions in the two cases.

Since it is the opinion of the court that the authority to tax the leasehold interest is an inherent constitutional one, compare Miller v. Doss, 46 So. 2d. 888 (Fla. 1950), the tax imposed can clearly be sustained on such basis. See also Riviera Club v. Belle Mead Development Corp., 141 Fla. 538, 194 So. 783, (1939), and State Road Department v. White, 148 So. 2d. 32 (DCA Fla. 2d. 1962).

The court observes at this point that it is generally held that a leasehold interest for a term of years is a chattel real and taxable as any other real estate. It has been established in Florida

that a valid lease for a term of years is a conveyance of interest in land (See Flowers v. Atlantic Coast Line Railway Co., 140 Fla. 805, 192 So. 321; Campbell v. McLaurin Investment Co., 74 Fla. 501, 77 So. 277), and that the tenant's interest is equivalent to absolute ownership during the term of the lease, the estate of the landlord during the term being limited to the reversionary interest which ripens into perfect title at the expiration of the lease. (Rogers v. Martin, 87 Fla. 304, 99 So. 551)

A generally approved procedure adopted in taxing the leasehold interest is to assess the entire land to the owner of the fee and the reversionary interest and such an assessment covers the value of the leasehold, as well as the reversionary interest, the sum of the two being comprised in value of the complete ownership of the land. But where, as in this case, the owner of the fee and the reversionary interest is immune or exempt from taxation, that method cannot be followed and the leasehold interests of the plaintiff and intervenor lessees, which do not enjoy the exemption from taxation granted to the governmental body, are subject to assessment. (See 23 ALR, pages 248-249.)

Concerning the liability as between the lessor and lessee for new or increased taxes brought about by improvements placed on the leased premises at the behest of the lessee, the general rule requiring the lessor to pay the taxes against the demised premises does not necessarily obtain as to that portion of the enhanced taxes attributable to improvements placed on the realty by the lessee. This question is resolved by the circumstances and the entire factual complex involved, including, of course, the agreement between the parties relative thereto.

The court does not overlook the argument that section 192.62(2), Florida Statutes, apparently prevents the taxation of the leasehold interests here involved which were in existence when said statute took effect. It is the opinion of the court that it is not necessary to resort to section 192.62 for resolution of any of the problems herein. However, to the extent that it is, the court ex mero motu declares such statute to be null, void, of no force and effect and unconstitutional in that it violates section 1, article IX, of the constitution of Florida, by establishing a discriminatory classification of exemptions and by exceeding the legislative authority to exempt. See Daytona Beach Racing District v. Paul, 157 So. 2d. 156 (DCA Fla. 1st 1963), wherein Mr. Justice Sturgis, speaking for the court, by trenchant allusion to the complete ineffectuality of the exclusionary provisions of the statute, apparently refrained from pronouncing its constitutional invalidity because it was not necessary in the case to do so.

It does not appear that the taxes here levied were necessarily assessed with the intent to evaluate the leasehold interest and equity requires, therefore, that it will be necessary to take testimony in order to establish the proper evaluation or assessment of the leasehold interests involved.

With reference to the dispute between the port authority and the plaintiff and intervenor as to the ultimate responsibility between them for the payment of the taxes, it is the opinion of the court that the port authority is obliged to ultimately bear that portion of the tax imposed on the leasehold interests as is established by comparison of the relative and separate values of the land and the improvements thereon as respectively assessed by the tax assessor. This, of course, can be accomplished at the time of taking testimony on the value of the leasehold interests.

It is further the opinion of the court that the claims herein asserted by the plaintiff and intervenor against the port authority, which are limited by this order as hereinabove related, are not claims within the meaning of the section 19, chapter 23338, Laws of Florida, 1945 —

"Every claim, whether ex constractu or ex delicto, whether liquidated or unliquidated, whether vested, fixed or contingent, against the Port Authority shall be filed, signed by the claimant or his duly authorized agent or attorney with the Port Authority within six months from the time said claim shall become due or arise, and shall be barred if not so filed; said writing representing said claim shall as particularly as is known to the claimant, set out the details of said claim, and specify the names of the witnesses, if any, claimant relies upon to support his claim."

It, therefore, follows that it is not necessary for the claimants to affirmatively allege compliance as urged by the port authority in its motion for judgment or decree on the pleadings and motion to dismiss which was earlier denied. However, so that this issue may also be resolved fully on appeal, if any, leave is granted to the port authority to establish at the time of taking testimony the appropriate time elements involved.

It is, therefore, ordered and adjudged—(1) That this cause be set for final hearing and the taking of testimony on the issues above-described. (2) That the motion to strike and the motion for judgment or decree on the pleadings filed by the Tampa Port Authority be and they are hereby denied. (3) That the motion for judgment or decree on the pleadings by the defendants Anthony Schleman, et al., be and the same is hereby denied.