204 So.2d 539 (1967)
Harold OSTER, Harry Cohen, Joseph Silber, Joseph Segal, David Blaushild, Arthur Feldman, D.E. Rose, Bernard Newman, Edward Kirtz, S & M Manufacturing Co., a Partnership Trust by N. John Serbin, Trustee, and Arthur Haupt, Appellants,
v.
CAY CONSTRUCTION COMPANY, a Florida Corporation, Sylvan B. Krause, Individually, As an Officer of Conlee Construction Company, As a Director of Conlee Construction Company, As an Officer of Cay Construction Company, As a Director of Cay Construction Company, and As a Stockholder of Cay Construction Company, J. Leon Kahn a/k/a N. Leon Kahn, Individually, As a Stockholder of Conlee Construction Company, As an Officer of Cay Construction Company, As a Director of Cay Construction Company, and As a Stockholder of Cay Construction Company et al., Appellees.
No. 1056.
District Court of Appeal of Florida. Fourth District.
December 7, 1967.
*540 Richard E. Reckson, of Heiman & Crary, Cocoa, for appellants.
Benjamin Smathers and Robert J. Pleus, Jr., of Smathers, Tepper & Pleus, Orlando, and Fogle & Fordham, Miami, for appellees.
REED, Judge.
The plaintiff in this action is a corporation suing a director and others for an accounting and other relief from damages allegedly arising out of a breach of fiduciary duties owed by the defendants to the plaintiff.
The appellants filed in the trial court a petition for leave to intervene, alleging themselves to be holders of the majority of the stock of the plaintiff corporation. This is an interlocutory appeal from the trial court's order denying the petition. The *541 only assigned error is the trial court's denial of the petition.
The petition for leave to intervene alleges that on 3 August 1966, at a special meeting of the stockholders of the plaintiff corporation, the Defendant-Krause and Oster, the latter being one of the petitioners, were removed as trustees under a voting trust arrangement established by the stockholders of the plaintiff corporation and that other action was taken which included the retention of a C.P.A. for the plaintiff corporation; the termination of the trust agreement; the retention of attorneys to intervene in this suit on behalf of the appellants; the ratification of the main suit by the plaintiff corporation against Kahn, Cay Construction Company and Krause; the ratification of employment of attorneys to represent the plaintiff in connection with this suit; and the replacement of existing officers and directors. No allegation is made in the petition that the main suit is not being properly conducted.
The petition for leave to intervene indicates that the appellants desire: (a) a decree confirming the removal of Krause by the stockholders as a trustee under the voting trust and as an officer and director of the corporation or in the alternative an order of court doing the same; (b) a confirmation of the other action taken by the stockholders at the stockholders' meeting of 3 August 1966; and (c) general relief, including the assertion of "claims" on behalf of the appellants arising out of the facts alleged in the amended complaint.
The amended complaint filed by the plaintiff corporation alleges that the Defendant-Krause, while a director and officer of the plaintiff corporation, acquired for himself, Cay Construction Company and J. Leon Kahn certain land in which the plaintiff was interested and as to which the Defendant-Kahn had a duty to act for and in the plaintiff's interest. The amended complaint also alleges that certain property, money and facilities of the plaintiff corporation were knowingly used by the defendants for their individual or joint benefit all without the authority and to the detriment of the plaintiff. An accounting from all defendants and incidental relief is sought.
Basically the appellants argue that where the petition for leave to intervene is "in subordination to and in recognition of the main proceeding" intervention is a matter of right. The appellants state that their petition does not inject new factual issues; therefore, they claim to be entitled to intervention as a matter of right, but alternatively argue that, if the matter is discretionary, the trial court abused its discretion by denying the petition.
The rule on interventions provides:
"Anyone claiming an interest in pending litigation may at any time be permitted to assert his right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding, unless otherwise ordered by the court in its discretion." (Fla.R.C.P. 1.230, formerly Rule 3.4, 30 F.S.A.)
In the present case the petition for leave to intervene shows on its face that, if it is granted, the appellants will add new issues to the action. Specifically they will inject the following issues: (1) whether a valid voting trust was created; (2) whether Krause violated any duties as trustee under the voting trust which he owed to the petitioners; (3) what damages, if any, the individual appellants suffered as a result of any such violation; (4) whether appellants acted validly at the stockholders' meeting of 3 August 1966 by terminating the voting trust, electing new officers and directors, etc., and, if not, whether appellants are entitled to equitable relief to achieve by a court decree the result they sought to achieve by self help. Because new issues are thus sought to be injected, the petition for leave to intervene is not in subordination to the main action. For this reason, the granting or denying of the motion for *542 leave to intervene was within the discretion of the trial court. In Riviera Club v. Belle Mead Development Corp., 1939, 141 Fla. 538, 541, 194 So. 783, 784, a case decided under section 9 of the 1931 Chancery Practice Act, which was in all material respects similar to the present rule on interventions, the court, while recognizing that intervention is a matter of right where an appropriate showing is made, affirmed the trial court's denial of the petition for leave to intervene and held:
"In disposing of this case, it is necessary to consider only one principle of law, which is well founded and has been previously settled in this jurisdiction; namely, that an intervenor must accept the pleadings of a case as he finds them  he will not be heard to raise new matters or issues not embodied in the original suit, unless otherwise ordered by the court in its discretion.
"Upon examination of the bill of complaint it is readily noted that the only matters presented therein are the foreclosure of the tax sale certificates for the years 1925, 1926 and 1927, held by complainant; the tax sale certificates for the years 1928 and 1929, held by H.L. Post; and the water assessment lien held by the city of Ormond. The answer of the appellant, attached to its petition of intervention, sought to bring into the cause not only the matters just above mentioned but also the tax certificates for the years 1931 to 1937, inclusive.
"* * *
"The appellant, The Riviera Club, was bound by the record, as it was at the time of its petition for intervention, by the pleadings as they were framed at that time, and by the issues and matters involved therein and sought to be adjudicated thereby. It was required to take the suit as it found it, and could not, by its petition to intervene, inject or raise new or independent matters or issues in its own behalf against the city of Ormond, one of the defendants."
Inasmuch as the petition for leave to intervene seeks to inject new or additional issues, the granting of the petition was within the discretion of the trial court, and there is no showing in the record of an abuse of that discretion.
The trial court should be affirmed for a second reason. The appellants do not have the "interest" required to support an intervention in this litigation. Miracle House Corporation v. Haige, Fla. 1957, 96 So.2d 417, describes that interest as follows:
"`It has generally been held that the interest which will entitle a person to intervene under this provision must be in the matter in litigation, and of such a direct and immediate character that the intervener will either gain or lose by the direct legal operation and effect of the judgment. In other words, the interest must be that created by a claim to the demand in suit or some part thereof, or a claim to, or lien upon, the property or some part thereof, which is the subject of litigation.'"
The appellants in the present case will not gain or lose directly by the operation of the final decree but only indirectly through their stock interest in the plaintiff corporation. The mere fact that they are stockholders in the plaintiff corporation does not give them sufficient interest to intervene in the absence of a showing that the plaintiff corporation is not adequately conducting the suit. See annotations 33 A.L.R.2d 473, 481, and 84 A.L.R.2d 1412.
Therefore the order of the lower court denying the petition for intervention is affirmed.
CROSS, J., and HEWITT, ROBERT S., Associate Judge, concur.