SCHWARTZ, Chief Judge
(dissenting).
The appellee, 747 Travel Agency, purchased a certified check from the Intercontinental Bank payable to the appellant. After the check was lost or stolen and was thus not redeemed, the present action was brought by 747 against the bank alone to recover the amount of the check. The bank admitted it owed the funds to someone and did not resist the entry of judgment against it. In these circumstances, I find no basis for precluding the payee-appellant, which was the only actually adverse party involved, from intervening so that its rights to the proceeds could be adjudicated below. E.g., Riviera Club v. Belle Mead Development Corp., 141 Fla. 538, 194 So. 783 (1939), cert. denied, 305 U.S. 655, 59 S.Ct. 251, 83 L.Ed. 424 (1938) (intervention by interested party matter of right); Fla.R.Civ.P. 1.230; 39 Fla.Jur.2d Parties §§ 27-30 (1982).[1]
Moreover, since the motion was filed and heard before the entry of the final judgment, I do not understand the majority’s invocation of the rule, reflected in both cases it cites, Dickinson v. Segal, 219 So.2d 435 (Fla.1969) and Idacon, Inc. v. Hawes, 432 So.2d 759 (Fla. 1st DCA 1983), that intervention may be denied if it is applied for after final judgment. Cases collected, 39 Fla.Jur.2d Parties § 30. (“A person claiming an interest in pending litigation may be permitted to intervene at any time. However, as a general rule it is too late to apply for intervention after a final decree is entered.”) Under the court’s view, a motion made immediately after the commencement of an action may be denied if the court simply fails to rule on it until after the litigation is over.
I would reverse.

. “The fact that an intervenor has some other and adequate remedy for the protection of his property and rights is not a bar to his right to intervene.” 39 Fla.Jur.2d Parties § 29.