COWART, Judge.
An insurer, Allstate, appeals an order denying its motion to intervene in a wrongful death action in which the estate of the decedent alleges that Allstate’s insured negligently shot and killed the decedent.
The insurer’s petition for intervention in effect seeks to have an adjudication that (1) the insured was late in filing a notice of claim, (2) the insurer was substantially prejudiced by the late notice of claim, (3) the insured’s action in killing plaintiffs decedent was intentional and willful rather than negligent, and (4) [by implication] that the insurer is not liable to defend or pay under its policy because of the prejudicial *525 late notice of claim and because the insured’s actions were intentional rather than negligent.
A trial court does not abuse its discretion when it denies intervention because the would-be intervenor seeks to inject new issues into the pending action.[1]
AFFIRMED.
ORFINGER, J., and SCHWARTZ, A.R., Associate Judge, concur.

. See Riveria Club v. Belle Mead Development Corp., 141 Fla. 538, 194 So. 783 (1939); Oster v. Cay Construction Co., 204 So.2d 539 (Fla. 4th DCA 1967).