544 So.2d 1153 (1989)
VANGUARD INSURANCE COMPANY, Appellant,
v.
Thomas R. TOWNSEND, III, et al., Appellees.
No. 88-1194.
District Court of Appeal of Florida, Fifth District.
June 15, 1989.
Gary W. Nicholson, of Carson, Buemmer and Nicholson, Tampa, for appellant.
Thomas R. Townsend, Jr., of Young Murray and Townsend, Rockledge, for appellee Thomas R. Townsend, III.
Janet DeLaura Harrison, of Smalbein, Johnson, Rosier, Bussey, Rooney & Ebbets, P.A., Rockledge, for appellee Victor Antonia Perez.
*1154 SHARP, Chief Judge.
Vanguard Insurance Company sought to intervene in a suit for damages filed against persons claiming to be Vanguard's insureds (Perez, Mejia and Fumero) by Townsend, the plaintiff, who was shot by Perez. Vanguard also sought to file in the personal injury suit a complaint for declaratory relief to determine whether any or some of the defendants are covered as insureds under its homeowners liability policy and whether the shooting was an intentional act, as opposed to a negligent one, for which the policy excluded coverage. The trial court denied both motions. We affirm.
The record in this case consists solely of court pleadings and Perez's deposition. The complaint filed by Townsend contains two counts: one based on negligence; and one based on an intentional, malicious act. Perez was seventeen years old at the time of the shooting. His mother, Carmen Flores Mejia and a prior stepfather, Ebgardo Fumero, were named as defendants because they were allegedly responsible for the minor, Perez.
Vanguard's homeowners policy named Carmen and her present husband, Louis Mejia, as insureds, and designated their Orlando residence where Perez was living, as the "residence premises." From Perez' deposition, it appears that Perez was living with his grandmother and grandfather at the Orlando address. His mother and stepfather frequently stayed at the house, although they travelled much of the time.
As is typical in such policies, the term "insured" includes relatives of the named insureds who are residents of the insured's household. And, as is also typical, Vanguard's policy excludes coverage for personal injury or damage which is "expected" or "intended." In addition, the policy contains a covenant on the part of Vanguard to provide a defense for its insureds.
Although Vanguard alleges in its complaint for declaratory relief that all of the defendants (Perez, Carmen Mejia and Ebgardo Fumero) have called upon it to defend this suit brought by Townsend, none of the parties to this appeal have made an issue concerning Vanguard's duty to defend, nor do they claim Vanguard has breached its duty to do so. However, we cannot ignore this silent wrinkle in the case because it ultimately may be determinative of the parties' rights in subsequent litigation.
The test in Florida, as well as in other jurisdictions, as to whether an insurer has a duty to defend its insured, is whether the allegations of the complaint may possibly bring the transaction within the coverage provisions of the policy.[1] Where as here, the complaint sets forth a count where coverage is excluded (intentional act), and a count where coverage is included (negligent act), the insurance company has a duty to defend the action.[2] However, we do recognize and discuss later in this opinion, the dilemma created for an insurance company which finds itself in a conflict position with its insured.
With regard to Vanguard's motion to intervene and file its declaratory complaint, we think the trial court was correct in denying it for the given reason, and for two other more fundamental ones. The trial court relied solely on Allstate Insurance Co. v. Johnson, 483 So.2d 524 (Fla. 5th DCA 1986). In Allstate, we held that the trial court did not abuse its discretion in denying an insurance company's motion to intervene in the underlying tort action against its insured because the motion injected new issues, including coverage issues (a late claim and prejudice to the insurer) which were not involved in the tort suit.
This rationale is based on the language in Florida Rule of Civil Procedure 1.230 and case law which forbid another party's intervention *1155 in a law suit unless it is in "subordination of" and "in recognition of" the propriety of the litigation in the main suit. See Oster v. Cay Construction Co., 204 So.2d 539 (Fla. 4th DCA 1967); Riviera Club v. Belle Mead Development Corp., 141 Fla., 538, 194 So. 783 (1939). In this case, Vanguard's attempt to determine whom among the defendants were its insureds, would inject new issues into the Townsend v. Perez, et al., law suit.
However, even if Vanguard had only sought a declaratory judgment determination of whether Perez' shooting was intentional or negligent, issues which are involved in the lawsuit brought by Townsend, we think the trial court properly denied Vanguard's motion to file a complaint for declaratory relief. First, a declaratory judgment action should not be used to determine fact issues upon which coverage questions turn. It is properly used to settle the meaning of ambiguous language or clauses in an insurance policy.[3]
In this case, Vanguard's policy exclusion was a model of clarity. Not covered are "intentional" or "expected" acts. What is involved here is the application of this clear policy exclusion to the circumstances under which Perez shot Townsend. It rests on a fact finding as to whether the shooting was negligent or intentional. This is not a matter of policy construction. Accordingly, a declaratory judgment suit is not the proper vehicle to make such a determination. Bergh v. Canadian Universal Insurance Co., 216 So.2d 436 (Fla. 1968). Some courts would say the court lacks jurisdiction to entertain this kind of suit. See Smith v. Milwaukee Insurance Co. of Milwaukee Wisc., 197 So.2d 548 (Fla. 4th DCA), cert. dismissed, 204 So.2d 332 (Fla. 1967); New Amsterdam Casualty Co. v. Intercity Supply Corp., 212 So.2d 110 (Fla. 4th DCA 1968); Liberty Mutual Insurance Co. v. Lee, 117 F.2d 735 (5th Cir.1941), appeal dismissed, 313 U.S. 601, 61 S.Ct. 1087, 85 L.Ed. 1552 (1941).
An additional reason for disallowing Vanguard's declaratory judgment complaint is the application of a still older judicial rule:
[I]f, at the time the proceeding for a declaratory decree is initiated, a suit is already pending which involves the same issues and in which litigation the plaintiff in the declaratory decree may secure full, adequate and complete relief, such bill for declaratory decree will not be permitted to stand.
Taylor v. Cooper, 60 So.2d 534 (Fla. 1952). This is a branch of the same judicial tree that holds where a court of competent jurisdiction first assumes jurisdiction over the issues, it will be permitted to retain and resolve them, even though the suit might have originally been instituted in another court with concurrent jurisdiction.
However, whether the declaratory suit is brought by the insurance company before or after the tort litigation against the insured, courts will not permit the insurance company to preempt the resolution of fact issues necessarily involved in both suits. Burns v. Hartford Accident & Indemnity Co., 157 So.2d 84 (Fla. 3d DCA 1963); 19 Fla.Jur.2d Declaratory Judgment § 30 (1980). See also the excellent discussion in Brohawn v. Transamerica Insurance Co., 276 Md. 396, 347 A.2d 842 (1975).
The question of whether Vanguard, stripped of its declaratory judgment complaint,[4] should be permitted to intervene in the Townsend v. Perez litigation as a party presents different and difficult questions. Vanguard argues it has a "direct and immediate interest" in the tort litigation, of such a quality that it will gain or lose by the legal operation and effect of the judgment. Morgareidge v. Howey, 75 Fla. 234, 78 So. 14 (Fla. 1918); Miracle House Corporation v. Haige, 96 So.2d 417 (Fla. 1957); Citibank, N.A., v. Blackhawk Heating & Plumbing Company, Inc., 398 So.2d 984 *1156 (Fla. 4th DCA 1981). This is because, although Vanguard does not expressly say so in its appellate brief, Vanguard as a surety and "privy" of its insured, may be bound by collateral estoppel or res judicata as to issues tried in this tort suit, in subsequent litigation. For example, can Vanguard dispute coverage in its insured's suit for failure to defend? Or, can it defend Townsend's later garnishment action after obtaining a judgment against Perez by claiming Perez' shot was intentional?
There are numerous examples in Florida jurisprudence to lend credence to Vanguard's argument. See, e.g., Florida Farm Bureau Mutual Insurance Co. v. Florida Fruit & Vegetable Assn., 436 So.2d 1052 (Fla. 4th DCA 1983) (surety bound in subsequent litigation by res judicata); Columbia Casualty Co. v. Hare, 116 Fla. 29, 156 So. 370 (1934) (surety bound by issues settled in prior suit against insured by collateral estoppel); Jones v. Bradley, 366 So.2d 1266 (Fla. 4th DCA 1979) (insured bound by res judicata). See also Anno., 27 A.L.R.3d 350 (1969) ("liability insurer's right to open or set aside, or contest matters relating to merits of, judgment against insured, entered in action in which insurer did not appear or defend"). Where a person seeking to intervene in a lawsuit will be bound by the outcome of that litigation, and, if not permitted to intervene, will be deprived of its day in court, it seems obvious that such person has clearly established the kind of "direct and immediate" interest required by the Morgareidge test for intervention.
However, Vanguard's self-interest in the Townsend v. Perez litigation is in direct conflict with its insured's, or even with Townsend's interest. In all probability, Townsend will press for a jury verdict based on negligence. Vanguard would be attempting, as a party in this lawsuit, to prove the shooting was intentional. A surety with a duty to defend its insured which may sweep broader than its duty to indemnify, will not be permitted to litigate against its insured's interests. See Burns v. Hartford Accident & Indemnity Co., 157 So.2d 84 (Fl. 3d DCA 1963).
We appreciate, however, that an insurer in the position of Vanguard faces a bit of a dilemma as to how it should proceed to fulfill its duties to its insured and to preserve its coverage defenses.[5] In addition, there is a split of authority as to the application of collateral estoppel where the insurer's and insured's interests are in conflict, as in this case. See Farm Bureau Mutual Automobile Insurance Co. v. Hammer, 177 F.2d 793 (4th Cir.1949), cert. denied, 339 U.S. 914, 70 S.Ct. 575, 94 L.Ed. 1339 (1950); Centennial Insurance Co. v. Miller, 264 F. Supp. 431 (E.D.Cal. 1967); Brohawn v. Transamerica Insurance Co., 276 Md. 396, 347 A.2d 842 (1975); Anno., 2 A.L.R.3d 1238, at 1251 (1965).
If the insurer sits on its hands after notice of the litigation against its insured, it will probably be bound by the judgment, assuming there was no collusion or fraud. Columbia; Cunningham v. Austin Ford, Inc., 189 So.2d 661 (Fla. 3d DCA 1966), cert. discharged, 198 So.2d 829 (Fla. 1967); Westinghouse Electric Corporation v. J.C. Penney Company, 166 So.2d 211 (Fla. 1st DCA 1964); American Fire & Casualty Co. v. Blaine, 183 So.2d 605 (Fla. 3d DCA 1966); Restatement of Judgments § 57; 31 Fla.Jur.2d Insurance § 841; 7C Appleman, Insurance Law & Practice, § 4685.01, (Berdal ed. 1979). If the insurer defends the insured, or if it provides independent defense counsel because of the conflict, it may be bound by the issues determined in the suit, even if it obtains a non-waiver agreement or gives timely notice of its intent to reserve its rights to dispute coverage. See Grain Dealers Mutual Insurance Co. v. Quarrier, 175 So.2d 83 (Fla. 1st DCA 1965); Centennial Insurance Co. v. Tom Gustafson Industries, Inc., 401 So.2d 1143 (Fla. 4th DCA 1981), rev. denied, 412 So.2d 471 (Fla. 1982).
However, if there is no breach of the insurance company's duty to defend[6] *1157 we think the better view is to give full force and effect to the insurer's reservation of rights agreement or timely notice. See Giffen Roofing Company, Inc. v. D.H.S. Developers, Inc., 442 So.2d 396 (Fla. 5th DCA 1983); Centennial; Midland National Insurance Co. v. Watson, 188 So.2d 403 (Fla. 3d DCA 1966); Stevens v. Horne, 325 So.2d 459 (Fla. 4th DCA 1975); Phoenix Assur. Co. of New York v. Hendry Corporation, 267 So.2d 92 (Fla. 2d DCA 1972), writ discharged, 277 So.2d 532 (Fla. 1973). Under these circumstances, res judicata or collateral estoppel would not be available to bind the insurance company, particularly where, as here, the insurer and insured have a direct conflict of interest as to fact issues tried in the initial tort litigation. See Progressive American Insurance Co. v. McKinnie, 513 So.2d 748 (Fla. 4th DCA 1987); American Fire & Casualty Co. v. Blaine, 183 So.2d 605 (Fla. 3d DCA 1966); Snodgrass v. Baize, 405 N.E.2d 48 (Indiana 2d Dist. 1980); Farm Bureau Mutual Automobile Insurance Co. v. Hammer, 177 F.2d 793 (4th Cir.1949), cert. denied, 339 U.S. 914, 70 S.Ct. 575, 94 L.Ed. 1339 (1950).
In this appeal we are not presented with the legal issue of whether collateral estoppel or res judicata will bar Vanguard in a subsequent case. Thus, we do not purport to make any ruling on that ground. We simply conclude that because Vanguard may not be bound by the outcome of the Townsend v. Perez et al. litigation it failed to prove such a sufficient direct and immediate interest in the suit under the Morgareidge test as to make its exclusion as an intervenor a breach of the trial court's discretion.
AFFIRMED.
COBB and DANIEL, JJ., concur.
NOTES
[1] 31 Fla.Jur.2d Insurance § 824 (1981).
[2] 31 Fla.Jur.2d Insurance § 822; Klaesen Brothers, Inc. v. Harbor Insurance Co., 410 So.2d 611 (Fla. 4th DCA 1982); Stevens v. Horne, 325 So.2d 459 (Fla. 4th DCA 1975); Dochod v. Central Mutual Insurance Co., 81 Mich. App. 63, 264 N.W.2d 122 (Mich. App. 1978); Coblentz v. American Surety Company of New York, 416 F.2d 1059 (5th Cir.1969).
[3] Smith v. Milwaukee Insurance Co. of Milwaukee, Wisc., 197 So.2d 548 (Fla. 4th DCA) cert. dismissed, 204 So.2d 332 (Fla. 1967); Anno., 28 A.L.R.2d 957 (1953); 19 Fla.Jur.2d Declaratory Judgments § 11 (1980).
[4] Vanguard subsequently filed a separate complaint for declaratory relief.
[5] See The Insurer's Options, L. Louis Mrachek, 54 Fla. B.J., no. 3, p. 341 (May 5, 1980).
[6] See Thomas v. Western World Insurance Co., 343 So.2d 1298 (Fla. 2d DCA), cert. dismissed, 348 So.2d 955 (Fla. 1977).