PER CURIAM.
The former husband appeals an order granting his son’s motion to intervene and an order denying his motion for rehearing of the grant to intervene. We reverse. Although appellant raises three issues, we find error on the first two only, that the trial court erred by granting appellee’s motion to intervene in his parents’ dissolution of marriage subsequent to its entry of final judgment and that appellee does not have a direct and immediate interest necessary to secure intervention. The general rule is that intervention may not be allowed post-judgment. Dickinson v. Segal, 219 So.2d 435 (Fla.1969). Postjudgment intervention is permitted only when the ends of justice so require. Wags Transp. Sys. v. City of Miami Beach, 88 So.2d 751, 752 (Fla.1956). We find that on this record appellee has not presented an interest that rises to this level and reiterate what we stated in Maryland Casualty Co. v. Hanson Dredging, Inc., 393 So.2d 595, 596 (Fla. 4th DCA 1981), namely that adherence to the rule rather than the exception will produce the best result in the majority of cases.
In addition, we do not find appel-lee’s interest sufficient to support his intervention in his parents’ dissolution of marriage. In Oster v. Cay Construction Co., 204 So.2d 539 (Fla. 3d DCA 1967), the third district described the required interest to intervene as follows:
It is has generally been held that the interest which will entitle a person to intervene under this provision [the predecessor to rule 1.230] must be in the matter in litigation, and of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment. In other words, the interest must be that created by a claim to the demand in suit or some part thereof, or a claim to, or lien upon, the property or some part thereof, which is the subject of litigation.
Id. at 542, quoting Miracle House Corp. v. Haige, 96 So.2d 417 (Fla.1957). The third district held that the stockholders would not gain or lose directly by the operation of the final decree but only indirectly through their interest in the plaintiff corporation. Their status as stockholders did not give them sufficient interest to intervene in the absence of a showing that the corporation was not adequately conducting the action *711 against a director for an accounting and breach of fiduciary duties.
Appellee’s interest as a minority shareholder in a closely held corporation consists of his speculated potential for future tax consequences. Such an interest is not of a direct and immediate character sufficient to support intervention. Accordingly, we conclude that the trial court abused its discretion in permitting appellee to intervene post judgment and reverse.
GLICKSTEIN, C.J., and DELL, J., concur.
LETTS, J., dissents without opinion.